394 So.2d 1181 (1981)
STATE of Louisiana
v.
Jeffrey Paul WALKER.
No. 80-KA-1484.
Supreme Court of Louisiana.
January 26, 1981.
Rehearing Denied March 20, 1981.
*1183 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Eddie Knoll, Dist. Atty., Jeanette Theriot Knoll, Asst. Dist. Atty., for plaintiff-appellee.
J. Michael Small, Alexandria, for defendant-appellant.
MARCUS, Justice.
Jeffrey Paul Walker was charged by bill of information with aggravated criminal damage to property in violation of La.R.S. 14:55. After a bench trial, defendant was found guilty as charged and sentenced to serve eighteen months in the parish jail. The judge suspended execution of the sentence and placed defendant on probation for a period of three years. The judge imposed as specific conditions of probation that defendant pay a fine of $1,500 plus costs and make restitution to the owner of the damaged property in the amount of $500. On appeal, defendant relies on nine assignments of error for reversal of his conviction and sentence.
Defendant and Joy Gail Mayeux Normand were married on May 4, 1978, but separated eight months later after a troubled marriage. Ms. Normand returned with her two minor children to live at the home of her parents, Mr. and Mrs. Daniel Mayeux. On December 29, 1979, Ms. Normand and four friends went to a lounge in Marksville to celebrate her recent engagement to Mr. Normand. While at the lounge, she saw defendant there with a friend, Charles Bernard. Ms. Normand left the lounge and was home by 12:45 a. m. At approximately 2:45 a. m., she was awakened by a shotgun blast hitting her bedroom wall, some of which went through the window into the bedroom. On the following day, defendant was arrested and charged with the instant crime.

ASSIGNMENTS OF ERROR NOS. 1 AND 4
Defendant contends the trial judge erred in overruling his objections to two questions posed by the state to Joy Gail Mayeux Normand on direct examination.
During the direct examination of Ms. Normand, defendant's ex-wife, the state asked: "Did you have any problems with Mr. Walker during your marriage?" Defendant objected on the ground that the question was irrelevant. The trial judge overruled the objection. Subsequently, the witness was asked whether defendant had ever lost his temper in her presence. Defendant's objection on the grounds that the question was irrelevant and leading was overruled by the trial judge.
Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent. La. R.S. 15:441. The trial judge's ruling as to the relevancy of evidence will not be disturbed absent clear abuse of discretion. State v. Echols, 376 So.2d 1244 (La.1979). In the instant case, the state sought to elicit testimony from the witness as to defendant's motive for committing the crime *1184 charged. Clearly, evidence that defendant and his ex-wife, the person to whom defendant's alleged criminal conduct was directed, had had a poor marital relationship and that defendant had a bad temper was relevant as tending to show the commission of the offense and the intent. Nor can it be said that the question posed to the witness as to defendant's temper was leading, as it did not suggest to the witness the answer she was to deliver, but merely sought a yes or no response. La.R.S. 15:277.
Assignments of Error Nos. 1 and 4 are without merit.

ASSIGNMENTS OF ERROR NOS. 2 AND 3
Defendant contends the trial judge erred in denying his motion for a mistrial based on the prosecutrix's reference to other crimes and the state's failure to give pretrial notice of its intention to introduce such evidence.
During direct examination of Ms. Normand, the prosecutrix questioned the witness as follows:
Q. During your marriage uhlet me just be more specific thenduring your marriage with Mr. Walker, in the eight months that you lived with him, did he ever administer uh beatings upon you?
A. Yes, Mam.
Defendant objected and moved for a mistrial arguing that the inquiry called for evidence of other crimes alleged to have been committed by defendant as to which evidence was not admissible and that, if the evidence was admissible under an exception, then defendant was entitled to notice of the state's intention to introduce such evidence under State v. Prieur, 277 So.2d 126 (La.1973).
At the outset, we point out that the evidence in question, beating one's spouse, is evidence of criminal conduct. La.R.S. 14:33. Hence, evidence of the alleged beatings of the witness by defendant would constitute evidence of other crimes.
Evidence of other crimes related to the offense with which a defendant is charged is inadmissible except under special exceptions. Aside from related offenses admissible as part of the res gestae and convictions admissible for impeachment purposes, Louisiana's statutes provide for three exceptions acts relevant to show intent, knowledge or system. La.R.S. 15:445, 446. Louisiana courts have recognized certain other exceptions, including an exception for the purpose of establishing motive. State v. Sutfield, 354 So.2d 1334 (La.1978); State v. Dowdy, 217 La. 773, 47 So.2d 496 (1950).
This court has repeatedly held that before evidence of criminal conduct may be admitted it must be determined that: (1) there is clear and convincing evidence of the commission of the other crimes and the defendant's connection therewith, State v. Prieur, supra; (2) the other crimes evidence is substantially relevant for some other purpose than to show a probability that the defendant committed the crime on trial because he is a man of criminal character, State v. Frederick, 340 So.2d 1353 (La.1976); (3) the other crimes evidence does tend to prove a material fact genuinely at issue, State v. Ledet, 345 So.2d 474 (La.1977); and (4) the probative value of the extraneous crimes evidence outweighs its prejudicial effect, State v. Jackson, 352 So.2d 195 (La. 1977); State v. Prieur, supra.
In the instant case, it is clear that these four tests for admissibility of other crimes evidence are met. The testimony of Ms. Normand, the victim of the alleged beatings administered by defendant, constitutes clear and convincing evidence that defendant committed the criminal acts. The evidence is substantially relevant for the purpose of showing defendant's motive for committing the crime charged, that is, because of the troubled marriage of the parties and its subsequent dissolution, defendant harbored ill will towards Ms. Normand which, upon defendant seeing his ex-wife celebrating her engagement to another man, led to his commission of the crime charged. Also, the evidence tends to prove a material fact at issue, the nature of the prior relationship between the parties in *1185 regard to defendant's motive for committing the crime. Finally, we consider that the probative value of this evidence outweighs its prejudicial effect.
An additional safeguard established by Prieur is that the state furnish notice to defendant prior to trial of its intention to introduce evidence of other criminal conduct. Having concluded in the instant case that the evidence of other crimes was otherwise admissible, the sole remaining issue is whether the state's failure to provide prior notice constitutes reversible error.
Under the facts of this case, the possibility of prejudice to defendant resulting from the lack of notice is remote. Because the proceeding was a bench trial, the possibility for prejudicial effect on the trial judge was far less than upon a jury. Also, the possibility of prejudice was lessened by the fact that the prior criminal conduct was directed against the same person as that in the instant case. Moreover, Ms. Normand's testimony regarding defendant's prior misconduct was subject to his cross-examination at trial. Hence, we conclude that the failure to give notice did not affect substantial rights of the accused and thus does not constitute reversible error. La.Code Crim.P. art. 921.
Assignments of Error Nos. 2 and 3 are without merit.

ASSIGNMENTS OF ERROR NOS. 5, 6 AND 7
Defendant contends the trial judge erred in accepting Patrick A. Lane as an expert in the field of firearms identification and in allowing him to express opinions in testimony and a written report prepared by him and introduced in evidence. He argues that Mr. Lane had insufficient qualifications in this field.
The test of the competency of an expert is his knowledge of the subject about which he is called upon to express an opinion, and before any witness can give evidence as an expert, his competency so to testify must have been established to the satisfaction of the court. La.R.S. 15:466. We have consistently held that the competence of an expert witness is a question of fact to be determined within the sound discretion of the trial judge. His rulings on the qualifications of expert witnesses will not be disturbed in the absence of manifest error. State v. Drew, 360 So.2d 500 (La. 1978); State v. Lewis, 353 So.2d 703 (La. 1977). The record discloses that Mr. Lane held a bachelor of science degree with a major in zoology and a minor in chemistry. He had been employed as a forensic scientist with the Louisiana State Police Crime Lab for the prior year and a half where he had been performing firearms examinations under the direct supervision of the supervisor of the physical evidence section who was also a firearms examiner. He had attended two seminars conducted by the FBI and had conducted over fifty tests in firearms identification. He had been accepted by a court as an expert in firearms identification on a previous occasion. We cannot, therefore, find that the trial judge abused his discretion in overruling defendant's objection to Mr. Lane's qualifications as an expert nor in allowing him to give opinions as an expert in firearms identification.
Assignments of Error Nos. 5, 6 and 7 are without merit.

ASSIGNMENT OF ERROR NO. 8
Defendant contends the trial judge erred in allowing the state to elicit testimony from Patrick A. Lane as to an examination he made on the day of trial. Defendant argues that he had no prior notice as to this examination or test as requested in his pretrial motion for discovery; therefore, the results of the examination were inadmissible.
Prior to trial, defendant filed a motion for discovery seeking, inter alia, the results or reports of any examinations or tests made in connection with the case in possession of the district attorney and intended for use at trial pursuant to La.Code Crim.P. art. 719. At the noon recess on the day of trial, state witness Patrick A. Lane, a firearms identification expert, examined a *1186 shotgun shell wadding found at the scene of the crime and compared it with that taken from an unspent reference shell. He later testified that the wadding was that from a Remington-Peters type 12 gauge shotgun shell, the same type as that of a spent shell casing found near the scene of the crime and determined to have been fired from a shotgun taken from the truck in which defendant had been riding on the night of the crime. Defendant objected to this testimony on the ground that he did not have sufficient notice of the results of the examination.
La.Code Crim.P. art. 729.3 provides:
If, subsequent to compliance with an order issued pursuant to this Chapter and prior to or during trial, a party discovers additional evidence or decides to use additional evidence and such evidence is or may be, subject to discovery or inspection under the order issued, he shall promptly notify the other party and the court of the existence of the additional evidence, so that the court may modify its previous order or allow the other party to make an appropriate motion for additional discovery or inspection.
It is clear from the record that the state immediately informed defense counsel of the examination and the results upon arriving back at the courthouse after the noon recess. During argument on this point, the state pointed out to the court that prior to trial it had informed defendant of its possession of the wadding and further indicated that it had no objection to defendant making any type of independent examination of the evidence. The prosecutrix further stated that defendant had failed to do so. The state also indicated that it would have no objection to defendant having the wadding examined by his expert at that time. Defendant did not request a recess for this purpose.
Under the circumstances, we consider the state satisfied its continuing duty to disclose under art. 729.3. Moreover, defendant has no cause to complain because of his failure to request a recess.
Assignment of Error No. 8 is without merit.

ASSIGNMENT OF ERROR NO. 9
Defendant contends the trial judge erred in denying his motion for a judgment of acquittal made after the close of the state's evidence. He argues that the evidence was insufficient to sustain his conviction.
The record discloses that defendant and Joy Gail Mayeux Normand had been legally separated after a troubled eight-month marriage. Ms. Normand returned with her two children to her parents' home, reoccupying her former bedroom located in the front of the house facing the street. Defendant was aware of this fact. On December 29, 1979, Ms. Normand and four friends went to a lounge in Marksville to celebrate her recent engagement. While there, she encountered defendant and his friend, Charles Bernard. Later that night, a shotgun blast was fired through Ms. Normand's bedroom window. Defendant and Charles Bernard were questioned the next day by Marksville police officers and both gave voluntary statements that they had been together in Bernard's pickup truck the previous night. Bernard allowed the police to inspect the 12 gauge shotgun which he kept in his truck. Police examination determined that the shotgun had been recently fired. Subsequently, a spent Remington-Peters 12 gauge # 1 buckshot shell was found near the scene of the shooting and lab tests determined that the shell had been fired from Bernard's shotgun. Also, plastic wadding from a shotgun shell found at the scene of the shooting was determined to be that from a Remington-Peters 12 gauge shell.
In order to convict on the basis of circumstantial evidence, assuming every fact to be proved that the evidence tends to prove, the evidence must exclude every reasonable hypothesis of innocence. La.R.S. 15:438; State v. Williams, 310 So.2d 513 (La.1975). The record indicates that the trial judge specifically recognized this standard in the charges he read into the record. We find that the evidence was clearly sufficient to support the trial judge's finding *1187 that every reasonable hypothesis of innocence was excluded. Despite the circumstantial nature of the evidence, a review of the record in the light most favorable to the prosecution convinces us that a rational trier of fact could readily have found defendant guilty beyond a reasonable doubt of aggravated criminal damage to property. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Hence, the trial judge did not err in denying defendant's motion for a judgment of acquittal based on insufficiency of the evidence.
Assignment of Error No. 9 is without merit.

DECREE
For the reasons assigned, defendant's conviction and sentence are affirmed.
LEMMON, J., concurs and will assign reasons.
DIXON, C. J., dissents.
CALOGERO, J., dissents and assigns reasons.
DENNIS, J., dissents for reasons assigned by Calogero, J.
LEMMON, Justice, concurring.
The evidence of "beatings" (although only a brief reference) was inadmissible because its prejudicial impact outweighed its probative value. See State v. Moore, 278 So.2d 781 (La.1972); State v. Waddles, 336 So.2d 810 (La.1976). The marginal relevance of such evidence to prove motive is substantially outweighed by its tendency to prove only that the defendant is of bad character. See State v. Sutfield, 354 So.2d 1334 (La.1978). Under such circumstances evidence of other crimes is inadmissible.
Had this case been tried before a jury, instead of a judge, or had the state delved further into the matter of the "beatings" beyond the solitary reference, I would unhesitatingly vote to reverse. See C.Cr.P. art. 770, which applies by its terms only to jury trials. However, admission of the wife's comment concerning the "beatings", when considered in light of the other properly admitted evidence of their prior difficulties and of defendant's violent temper, did not substantially affect defendant's rights and thus did not constitute reversible error.
I therefore concur in the result.
CALOGERO, Justice, dissenting.
I dissent from the majority opinion because I believe that the admission of the other crimes evidence, that defendant beat his wife, under the facts and circumstances of this case, was error and defendant's conviction should be reversed.
In State v. Prieur, 277 So.2d 126 (La. 1973), this Court considered the constitutional problems associated with the admission of evidence of other criminal conduct by the defendant and held that where such evidence is sought to be admitted, defendant must be given pre-trial notice that such evidence will be introduced so that he may have an opportunity to defend against it. Further, the trial judge must make a determination as to whether the evidence complies with the tests established by this Court for the admissibility of other crimes evidence.
In the present case, the pre-trial notice required by Prieur was not given to defendant, and defendant did not have an opportunity to present evidence rebutting the admissibility of the evidence of his past criminal conduct. As stated in the majority opinion, the trial judge must make certain determinations before other crimes evidence is admitted. The defendant must have pre-trial notice of the state's intent to introduce such evidence, an opportunity to prepare a defense against its admissibility, and a chance to present that defense to the trial judge prior to the trial judge's determination on whether the evidence meets the tests for admissibility. The only exceptions to this notice requirement are offenses which form part of the res gestae (because defendant has notice of the other crimes by his notice of the charged offense since they must be so closely related) and prior convictions used to impeach the defendant (statutorily *1188 permitted under R.S. 15:495). The evidence here does not fall within either of these two exceptions to the notice requirement, and it has not been argued otherwise. Therefore, because defendant was erroneously not given the required notice of the state's intent to introduce the evidence of other criminal conduct, and because defendant did not have an opportunity to defend against its admission, the conviction should be reversed.
Had defendant been given the opportunity to present a defense to the admissibility of such evidence, he may have been able to call into question the commission of the prior criminal act. He certainly would have been able to show that the probative value of the evidence was far outweighed by its prejudicial effect.
Defendant was on trial for aggravated criminal damage to property. The state introduced the evidence that defendant used to beat his wife during their marriage as being probative of defendant's guilt of this crime. However, in view of the fact that those beatings took place almost a year prior to the incident in question, and that the victim had not had any trouble with the defendant from that time and had not even seen or spoken to the defendant in at least six months prior to the night of the incident, the probative value of this evidence is tenuous at best. On the other hand, presenting the defendant as a wife beater before the judge was highly prejudicial to defendant. Therefore, it is clear that the prejudicial effect of the evidence outweighed any probative value it may have had and the evidence should have been excluded for that reason as well.
Furthermore, there is a real question as to whether the evidence that defendant struck his wife during their marriage, almost a year prior to the charged crime, is substantially relevant to prove defendant's motive for committing the charged offense at all.
Motive has been defined as the reason the accused has for committing the charged offense. It is the cause or reason that moves the will and induces action for a definite result. State v. Abercrombie, 375 So.2d 1170 (La.1979). In attempting to prove that defendant was guilty, the state introduced the evidence of the past criminal conduct to establish the defendant's motive. The purpose for showing defendant had a motive is to bolster the proof that defendant was the perpetrator of the crime by showing that he had a reason for committing the crime. The fact that defendant may have beaten his wife during their marriage a year earlier, where there had been no trouble with the defendant in the interim period, does not tend to establish why he may have committed the charged offense. (To the contrary, the evidence more logically would provide a motive for the wife's perpetration of an offense against her husband, because he beat her during the marriage.) This evidence does not tend to establish what induced defendant's behavior but only tends to prove that defendant is prone to violence, or a man of unsavory character and thus was more likely to have committed the crime in question. This is the very kind of evidence that must be excluded to insure defendant's right to be presumed innocent until proven guilty beyond a reasonable doubt. State v. Showers, 359 So.2d 104 (La.1978); State v. Prieur, supra.
Therefore, I dissent from the majority opinion because I believe the state's failure to give the required pre-trial notice of its intent to introduce the other crimes evidence constitutes reversible error and further because I believe the trial court erred in admitting the evidence notwithstanding the lack of notice.