398 So.2d 1381 (1981)
STATE of Louisiana
v.
Curtis J. BROWN.
No. 80-KA-2402.
Supreme Court of Louisiana.
May 18, 1981.
Rehearing Denied June 22, 1981.
*1382 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leander Perez, Jr., Dist. Atty., Frank Klein, Gilbert V. Andry, III, Asst. Dist. Attys., for plaintiff-appellee.
George C. Ehmig, Gretna, for defendant-appellant.
JASPER E. JONES, Justice Ad Hoc.[*]
Curtis Wayne Brown was charged by a bill of information with attempted first degree murder of Gauthier, a deputy sheriff, in violation of LSA-R.S. 14:27, 30. He was tried by a jury of twelve on April 1, 1980 and found guilty as charged. The trial judge sentenced Brown to 40 years at hard *1383 labor. On appeal defendant relies upon three assignments of error as grounds for reversal of his conviction and sentence.
On the morning of March 27, 1978 the defendant and Tommy Williams went from their home in Algiers, La., in a 1974 Ford Thunderbird to Empire, La., looking for a job. Defendant was driving the automobile and Williams was riding on the right front seat. On their return trip to Algiers, in the vicinity of Belle Chase, La. Gauthier in a marked Plaquemines Parish Sheriff's Office vehicle stopped defendant for speeding. Deputy Gauthier got out of his automobile and started walking towards the parked Thunderbird, and as he reached a point very close to the left rear of the Thunderbird he observed a shotgun sticking out of the driver's window pointed at him and held by defendant. As he observed the gun it appeared to him that defendant was attempting to fire it but that it misfired, whereupon Gauthier turned and ran at which time he was shot in the right shoulder. He ran and jumped into a ditch which lay in the neutral ground between the double-laned highway, drew his revolver, and fired six times at the Thunderbird as it sped away. After the vehicle had traveled a short distance it stopped and defendant and Williams left the car and ran across the levee and soon thereafter were apprehended.
All three of defendant's assignments of error are based upon events which occurred at trial that refer directly to crimes that defendant had committed other than the one for which he was being tried, which he contends was contrary to the provisions contained in the Louisiana Code of Criminal Procedure Article 770, which provides in pertinent part as follows:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;..."
There are exceptions to the prohibition of reference to other crimes set forth in La.C.Cr.P. art. 770. Included among those exceptions are related offenses admissible as part of the res gestae, convictions admissible for impeachment purposes, evidence tending to show intent, knowledge, or system as authorized by LSA-R.S. 15:445-446. The evidence of other crimes is also admissible to establish motive for the commission of the crime charged. State v. Sutfield, 354 So.2d 1334 (La.1978); State v. Walker, 394 So.2d 1181 (La.1981). Reference to the crime of conspiracy may be made when a prima facie case of conspiracy has been established. LSA-R.S. 15:455.

ASSIGNMENT OF ERROR # 1
The State during their interrogation of Jim Churchman, a criminalist with the Louisiana State Police, asked Mr. Churchman if the shotgun used to shoot Gauthier was a standard 410 gauge shotgun. Churchman responded to the question stating the weapon had been rendered illegal by two features. Defense counsel at this point moved for a dismissal urging that the evidence of the illegality of the sawed-off shotgun was evidence of other crimes prohibited by La.C. Cr.P. Art. 770. Churchman testified that the barrel of the gun was only 8½ long and its overall length was only 20".
Possession of a shotgun with a barrel less than 18" in length or one with an overall length of less than 26" which has not been properly registered is prohibited by LSA-R.S. 40:1781 et seq.
LSA-R.S. 15:448 defines res gestae as follows:
"To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction."
The use of the sawed-off shotgun was a necessary incident of the criminal act charged of attempted first degree murder. It was inseparably entwined in the criminal *1384 conduct charged, and therefore the evidence about the length of the barrel of the gun and the overall length of the gun which established that the possession of it was prohibited without proper registration, was admissible as part of the res gestae. See State v. Williams, 375 So.2d 364 (La.1979); State v. Tornabene, 337 So.2d 214 (La.1976).

ASSIGNMENT OF ERROR # 2
The defendant contends that the trial judge erred in denying his motion for mistrial based upon the prosecutor's interrogation of Charles Isbel, a used car dealer, who testified that the vehicle driven by defendant at the time Gauthier was shot had been stolen from his used car lot. Defendant objected to this testimony and moved for a mistrial arguing that the inquiry called for evidence of another crime other than the one for which defendant was being tried. Theft of an automobile is prohibited by LSA-R.S. 14:67.
Evidence that defendant had stolen the Thunderbird which he was operating is admissible as an exception to La.C.Cr.P. art. 770 because it establishes motive on the part of defendant to commit the crime charged. Motive has been defined as a reason the accused has for committing the charged offense. Motive is the cause or reason that moves the will and induces action for definite result. State v. Abercrombie, 375 So.2d 1170 (La.1979).
Defendant, the admitted driver of the Thunderbird, under normal circumstances would have no reason to have shot at the officer who was stopping him on a speeding charge, the punishment for which would probably have only been a fine. Defendant denied shooting the officer. He testified the officer was shot by Williams. It therefore became important to the State's case to establish a reason why defendant would have fired the shot. If defendant had stolen the automobile, a crime for which he could be sent to prison for many years, it was most important for him to avoid having the crime discovered, a very likely probability in the event he was arrested on the speeding charge. Proof that defendant had stolen the vehicle establishes a motive for defendant to fire upon the officer in order to avoid being arrested on the speeding charge.
In order for the evidence on the car theft to be admissible, the state must comply with the following requirements of State v. Prieur, 277 So.2d 126 (La.1973),[1] which are (1) there must be clear and convincing evidence that the theft had been committed by defendant, (2) the other crime must be relevant for some other purpose than to show a probability that defendant committed the crime on trial because he is a man of criminal character, (3) the other crime does tend to prove a material fact genuinely at issue, (4) the probative value of the crime of theft of the vehicle outweighs its prejudicial effect. See State v. Walker, supra.
The testimony of the used car dealer to the effect that the Thunderbird in which defendant was riding at the time the officer was shot had been stolen from his lot, while proving theft, fails to prove defendant's connection with the theft. However, defendant took the stand and his counsel elicited testimony from him that he had seen the Thunderbird parked under a bridge with the keys in it for three days and that he decided to take possession of the vehicle and take a joy-ride in it. The testimony of defendant, along with the evidence produced by the State of the theft, provides clear and convincing evidence that theft had been committed and defendant's connection with it.
The fact that defendant denied he fired the gun at the officer creates a genuine issue as to whether he did in fact fire it and makes the requirement that the State establish *1385 a motive for his having fired it an important purpose for the introduction of the evidence of the crime of car theft. For these reasons the evidence of the other crime had a purpose other than establishing that defendant was a man of criminal character and was evidence tending to prove that defendant in fact did commit the crime charged.
While evidence that defendant committed the crime of car theft undoubtedly had some prejudicial effect upon the defendant before the jury, the probative value of the car theft crime for the purpose of establishing motive outweighed its prejudicial effect. The assignment of error is without merit.

ASSIGNMENT OF ERROR # 3
Defendant contends the trial judge erred in charging the jury with the law of conspiracy, over defendant's objection, when defendant had not been charged with conspiracy. LSA-R.S. 14:26 defines the law of conspiracy as follows:
"A Criminal conspiracy is the agreement or combination of two or more persons for the specific purpose of committing any crime; provided that an agreement or combination to commit a crime shall not amount to a criminal conspiracy unless, in addition to such agreement or combination, one or more of such parties does an act in furtherance of the object of the agreement or combination.
If the intended basic crime has been consummated, the conspirators may be tried for either the conspiracy or the completed offense, and a conviction for one shall not bar prosecution for the other...."
A criminal conspiracy to commit a crime is an inchoate crime separate and distinct from the completed criminal act. LSA-R.S. 15:455 provides:
"Each coconspirator is deemed to assent to or to commend whatever is said or done in furtherance of the common enterprise, and it is therefore of no moment that such act was done or such declaration was made out of the presence of the conspirator sought to be bound thereby, or whether the conspirator doing such act or making such declaration be or be not on trial with his codefendant. But to have this effect a prima facie case of conspiracy must have been established."
When the defendant is on trial for the completed offense the jury may be charged with the law of conspiracy if the State establishes a prima facie case of conspiracy. State v. Kaufman, 331 So.2d 16 (La.1976); State v. Sheppard, 350 So.2d 615 (La.1977); State v. Clark, 387 So.2d 1124 (La.1980).
Proof of a conspiracy may be made with direct or circumstantial evidence. State v. Kaufman; State v. Sheppard; State v. Clark, supra.
When the only evidence offered to establish the conspiracy is that two people committed a crime and there is no evidence that the defendant committed the crime or conspired to commit the crime, no prima facie case of conspiracy has been established. The fact, alone, that two or more people have committed the crime charged is not sufficient to establish a prima facie case of conspiracy. State v. Carter, 326 So.2d 848 (La.1975); State v. Clark, supra.
This court in the case of State v. McCoy, 395 So.2d 319 (La.1980), has defined prima facie evidence as evidence sufficient to establish a given fact which if not rebutted or contradicted will remain sufficient.
The undisputed facts are that the defendant and Tommy Williams were alone in the car together when a shot was fired from the driver's window, where defendant was sitting, that struck Officer Gauthier. Defendant testified that Williams handed him the shotgun which belonged to Williams and told him to shoot the officer. Defendant stated he took the gun from Williams. The officer testified that as he walked to a point very close to the rear of defendant's vehicle that defendant stuck the gun out the window alongside the car and pointed the barrel of the gun at him, and that it *1386 misfired. The officer then turned and ran at which time he was shot in the right shoulder. Defendant testified he was told by Williams to leave the scene as soon as the shot was fired and in response to this instruction he threw the vehicle into low gear and left the scene with the officer shooting at his side of the car.
These facts, circumstances and inferences from them, if unexplained, would establish that this defendant was told to commit the crime and acted upon this communication by taking the gun from Williams, sticking it out the window of the car, pointing it at the officer, and unsuccessfully attempting to fire it, and then firing it. The recited facts which were found in the testimony of defendant and the testimony of Gauthier provide a prima facie case that defendant and Tommy Williams by their words and actions agreed and combined to shoot the officer. There is also in the record the eyewitness testimony of Williams that defendant shot the officer.
The fact that defendant denies shooting the officer and stated that Williams took the gun and shot the officer, does not detract from the facts and circumstances above set forth, which, if unexplained, establish a prima facie case that defendant committed the crime and did so by the request and direction of Williams and in agreement with him.
We find that a prima facie case of a conspiracy has been established. The judge is required to charge the jury on the law applicable to the case which would include the conspiracy charge if it was relevant. La.C.Cr.P. art. 802(1). It was here relevant because defendant denied shooting the gun and testified that the shot which struck the officer was fired by Williams. This assignment of error is without merit.

DECREE
For the reasons assigned, defendant's conviction and sentence are AFFIRMED.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
Evidence of the illegality of the weapon possessed by defendant was not part of the res gestae. However, since the fact of illegality was somewhat relevant to show motive and was not unduly prejudicial, I cannot say that the trial court erred in admitting the evidence.
NOTES
[*] Judges Pike Hall, Jr., Charles A. Marvin, and Jasper E. Jones of the Court of Appeal, Second Circuit participated in this decision as Associate Justices Ad Hoc, joined by Justices Pascal F. Calogero, Jr., James L. Dennis, Fred A. Blanche, and Harry T. Lemmon.
[1] Prieur also required as a condition of admissibility of evidence of other crimes that the State give defendant notice of its intention to offer evidence of other crimes prior to trial and no notice was here given. Defendant in brief does not argue this as error and he made no objection to this failure at the time of trial and it is therefore waived. See State v. Baylis, 388 So.2d 713 (La.1980).