WATSON, Justice.
Charles R. Bernard and Jeffrey Paul Walker were charged in the same bill of information with aggravated criminal damage to property. LSA-R.S. 14:55. The trials were severed.[1] Defendant Bernard was *915 convicted and given a suspended sentence of eighteen months in the Avoyelles Parish jail and three years probation. Bernard was fined $1,800 and ordered to pay $200 restitution to Daniel Mayeaux, the owner of the damaged property.
On appeal defendant contends that the trial court erred in refusing to grant a new trial because the evidence was insufficient to convince a rational trier of fact of his guilt.
FACTS
Jeffrey Paul Walker and Joye Gail May-eaux were legally separated. The wife and two children occupied a bedroom in the front of her parents’ house. Walker had shared this room with his wife on occasion during their marriage.
Ms. Walker and four girlfriends went to Blackbeard’s in Marksville, Louisiana, to celebrate her engagement to one Normand. She saw her estranged husband with his close friend, Charles Bernard, before leaving the lounge at approximately 12:45 A.M. She danced with Bernard and observed that he was driving his brown Chevrolet truck that night. A shotgun blast shattered the glass window of her bedroom about two hours later. Her father ran outside but saw no one.
The Marksville police department investigated. Shotgun shell wadding was found on the lawn and lead pellets inside the house. Charles Bernard was contacted by the police and admitted that he owned a gun, which was in his brown truck. Chief of Police Julius Guillot asked if he could look at the gun and Bernard handed it to him. The gun was a J. C. Higgins model 583.16 twelve gauge shotgun. Guillot noted that the gun smelled strongly of gun powder and appeared to have been recently fired. Bernard voluntarily stated that he had been with Jeffrey Walker until about 2:30 A.M. the morning of the crime. A continuing search for spent shells on the Mayeaux’s street resulted in the discovery of a green Remmington Peters twelve gauge # 1 buckshot spent shell 1,512 feet from the home.
The spent shell, the gun, the pellets and the wadding were all examined and tested by Patrick Lane of the Louisiana State Police Crime Lab, who made the following findings:
1. The # 1 buckshot spent shell was shot from the twelve gauge shotgun owned by Charles Bernard.
2. The wadding found on the Mayeaux lawn is the same type as that which would have been in the spent shell.
3. The buckshot pellets removed from the Mayeaux residence are within the weight range of # 1 buckshot and consistent with a reference book description of # 1 buckshot. In his expert opinion, the pellets are # 1 buckshot.
Bernard contends that the circumstantial evidence was insufficient to prove him a principal, LSA-R.S. 14:24,[2] in the crime of aggravated criminal damage to property, LSA-R.S. 14:55.[3] Bernard asserts that the state failed to show that he directly committed the act, aided and abetted in its commission, or directly or indirectly coun *916 seled or procured another to commit the crime.
In order to convict a defendant on the basis of circumstantial evidence, the evidence must exclude every reasonable hypothesis of innocence. LSA-R.S. 15:438; State v. Williams, 310 So.2d 513 (La., 1975). The question, viewing the evidence in the light most favorable to the prosecution, is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The evidence is that:
1. Bernard was driving his brown truck the morning of the crime and was with Jeffrey Walker.
2. That same day, Bernard’s shotgun was in his truck and smelled as though it had been recently fired.
3. The Remmington Peters twelve gauge # 1 buckshot spent shell found at the scene was fired from the twelve gauge shotgun owned by defendant and found in his truck.
4. The wadding found on the Mayeaux lawn was of the same type as the spent shell fired from Bernard’s gun.
5. The buckshot pellets removed from the Mayeaux residence were # 1 buckshot.
While there is no evidence of animosity between Joye Mayeaux, now Normand, and Charles Bernard, the physical evidence implicates him. His gun was used to commit the crime. He and his good friend Jeffrey Walker were together in Bernard’s truck the morning of the crime.
It is completely improbable that Walker committed the crime with Bernard’s gun without Bernard’s knowledge and consent. Bernard thus aided and abetted the crime by furnishing the weapon and vehicle. The jury reasonably inferred from the testimony that Charles Bernard was guilty beyond a reasonable doubt as a principal in the crime of aggravated criminal damage to property.
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.
DIXON, C.J., and DENNIS, J., dissent with reasons.

. Jeffrey Paul Walker was found guilty as charged and sentenced to a suspended sentence of eighteen months in the Avoyelles Parish Jail. *915 Walker was placed on probation for three years on condition that he pay a fine of $1,500 and $500 restitution to the victim whose property was damaged. Walker’s conviction was affirmed. State v. Walker, 394 So.2d 1181 (La., 1981). Rehearing denied.

. LSA-R.S. 14:24 provides:
“All persons concerned in the commission of a crime, whether present or absent and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.

. LSA-R.S. 14:55 provides:
“Aggravated criminal damage to property is the intentional damaging of any structure, watercraft, or movable, wherein it is foreseeable that human life might be endangered, by any means other than fire or explosion.
“Whoever commits the crime of aggravated criminal damage to property shall be fined not more than ten thousand dollars, imprisoned with or without hard labor for not less than one nor more than fifteen years, or both.”