YELVERTON, Judge.
A bench trial resulted in a verdict of guilty of obstruction of justice, in violation of La.R.S. 14:130.1. The defendant, Terry N. Dauzat, was convicted of communicating threats with the specific intent of retaliating against an informant. He was sentenced to eighteen months in the Parish Prison without hard labor and subject to work release. Appellant appeals his conviction and sentence urging four assignments of error.
FACTS:
In early 1987, the Rapides Parish Sheriff’s Office was investigating cocaine trafficking within the parish, an investigation known in the media as Operation Snowball. John Faglie, a narcotics investigator for the Rapides Sheriffs Department, called several people whose names had come up during the investigation and asked them to come to the Sheriff’s office to talk. Dau-zat was one of those called. He spoke to Faglie and another deputy, Ronnie Sellers, on February 3, 1987. He was upset, and he told them that Andy Haliburton, an informant, was a “rat” and that Haliburton was responsible for most of the people being arrested. He vowed that “he was going to make sure that he (Haliburton) kept his mouth shut”, and that he was “gonna whip his a_” Dauzat indicated he had information on Haliburton himself. He also mentioned a money dispute with Haliburton. Haliburton met with Deputy Faglie later that day and gave a videotaped statement.
After both appellant and Haliburton talked to Deputy Faglie, Dauzat showed up at Haliburton’s house. A loud verbal exchange took place between them. Halibur-ton and his mother testified, and the trial judge found as a fact, that Dauzat accused Haliburton of talking to the police because he had seen Haliburton’s name on a piece of paper on Faglie’s desk at the sheriff’s office. Haliburton was told during this encounter that if he had talked, or if Dau-zat was arrested, that he would “whip” or “kick” Haliburton’s “a_” and “take care of anyone who he thought was talking”. Appellant was standing sideways with his fists clenched during the argument. Hali-burton told appellant to go ahead and hit him, but that he would have appellant arrested for battery. The confrontation lasted about five minutes.
Appellant claims that the argument at Haliburton’s home was over a debt from a defective stereo sold by Haliburton to appellant and that he did not know Halibur-ton was a witness to any investigation. The money dispute was acknowledged by Haliburton as was an argument about it the previous Saturday at a drive-in restaurant. However, there was testimony that the threats on the day in question concerned only the events of that day involving the investigation, with the money dispute being mentioned but tangentially.
ASSIGNMENT OF ERROR NO. 1:
Appellant argues that the evidence is insufficient to support the conviction. Specifically, he argues that a “criminal proceeding” under La.R.S. 14:130.1(A)(2)(b) was not proven. That part of the statute reads:
“A. The crime of obstruction of justice is any of the following when committed with the knowledge that such act has, reasonably may, or will affect an actual or potential present, past, or future criminal proceeding as hereinafter described:
[[Image here]]
“(2) Using or threatening force toward the person or property of another with the specific intent to:
[[Image here]]
“(b) Cause or induce the withholding of testimony or withholding of records, documents, or other objects from any criminal proceeding; ...”
Appellant’s argument is based on an erroneous premise. The bill of information is clear, and appellant’s trial counsel twice acknowledged at trial, that it is a violation of La.R.S. 14:130.1(A)(3) with which appellant was charged. La.R.S. 14:130.1(A)(3) reads:
*277 “(3) Retaliating against any witness, victim, juror, judge, party, attorney, or informant by knowingly engaging in any conduct which results in bodily injury to or damage to the property of any such person or the communication of threats to do so with the specific intent to retaliate against any person for:
“(a) The attendance as a witness, juror, judge, attorney, or a party to any criminal proceeding or for producing evidence or testimony for use or potential use in any criminal proceeding, or
“(b) The giving of information, evidence, or any aid relating to the commission or possible commission of a parole or probation violation or any crime under the laws of any state or of the United States.”
The standard of appellate review in evaluating the sufficiency of the evidence is whether a rational trier of fact, viewing the evidence of the case in a light most favorable to the prosecution, could have found that the state proved the elements of the crime beyond a reasonable doubt. State v. Camp, 446 So.2d 1207 (La.1984); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 560 (1979).
The elements of a violation of La.R.S. 14:130.1(A)(3)(b) under this case are:
1. That the defendant knowingly communicated a threat to engage in conduct which would result in bodily injury to Andy Haliburton who was an informant; and
2. That the defendant acted with the specific intent to retaliate against Andy Haliburton for giving information, evidence, or any aid relating to the commission or possible commission of a crime.
The evidence is clearly sufficient in its showing of the communication of threats of physical violence by appellant to Halibur-ton. Haliburton had given information to the police about his knowledge of narcotics trafficking in the area and was going to be called to testify in front of a grand jury. Appellant perceived that Haliburton had cooperated with the police because he had seen Haliburton’s name on the desk of the Sheriffs investigator. The threats were worded such that appellant’s specific intent to retaliate against Haliburton for having cooperated with the authorities was clearly evident. The intent to carry out the threats is not required by the statute. See by analogy, United States v. Maggitt, 784 F.2d 590 (5th Cir.1986); United States v. Valasquez, 772 F.2d 1348 (7th Cir.1985), cert, denied 475 U.S. 1021, 106 S.Ct. 1211, 89 L.Ed.2d 323 (1986). All elements of La.R.S. 14:130.1(A)(3)(b) were proved by constitutionally sufficient evidence.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 2:
It is contended in this assignment of error that the trial judge let in evidence more in the nature of a fact-finding mission about narcotics activity in Rapides Parish than dealing with the charge at bar. Appellant recites in his brief four objections made during the trial. He further avers that no notice was provided to him about this evidence as mandated in State v. Prieur, 277 So.2d 126 (La.1973).
It is to be noted initially that testimony concerning Operation Snowball and generally about cocaine trafficking in Rapides Parish is not other crimes evidence per se. There is no implication in the general testimony that appellant broke any drug laws. Nor can other crimes evidence be gleaned from the question and responses to which specific objections were made.
In one question, Detective Faglie was asked whether Andy Haliburton provided information of cocaine distribution in Rapides Parish and appellant objected. The overruling of this objection was not error. This was necessary information to show an element of the offense charged that the witness threatened had given information about narcotics violations to the police.
Appellant again objected to questions about his connection with one Stacey Efferson, a target of the investigation. Whether appellant knew or had met Effer-son cannot be said to refer to a criminal act casting appellant in a bad light causing prejudice to him. The information had relevance in that it tended to supply a motive *278 for threatening Haliburton not to speak to the police.
Appellant’s next objection was a question of whether the $200 debt owed by Halibur-ton to appellant was actually over narcotics. Appellant answered negatively as his counsel objected. This is not really evidence of a narcotics sale involving appellant. The State was cross-examining appellant as to his characterization of the debt discussed on direct examination. The State may have cast an aspersion on appellant but no evidence of a narcotics sale was actually presented.
Finally, appellant was asked if he had purchased cocaine from Haliburton or Stacey Efferson. The pertinent discussion is repeated as follows:
“Q. Okay. You didn’t know anything about any kind of cocaine in Rapides Parish. Did you?
“A. Yes I knew about cocaine. I was on it. I spent a hundred and six thousand dollars, roughly, by making mistakes by being on it.
“Q. A hundred and six thousand dollars. Okay. Who did you buy your cocaine from?
“A. From Andy Haliburton.
“Q. Alright. And who else?
“A. From Andy Haliburton.
“Q. How about from Stacey Efferson?
“BY MR. KENNEDY: Judge, Judge, we’re going to interpose another objection. He’s getting into other crimes. Now, I have not received any notice. This man is on trial for obstruction of justice. Uh. And he’s asking him all these things. I’m gonna ... I’m gonna tell him ...”
Even were this or the other references complained of by appellant considered other crimes evidence, no reversible error is presented. The above reference is relevant to show motive for attempting to silence Haliburton. The lack of Prieur notice is likewise not reversible error. The above exchange occurred on cross-examination as to the appellant’s statements during police questioning.
In State v. Walker, 394 So.2d 1181 (La.1981), the court examined other crimes evidence allowed for the showing of motive. Walker, as the present case, involved a bench trial. The court there noted:
“Under the facts of this case, the possibility of prejudice to defendant resulting from the lack of notice is remote. Because the proceeding was a bench trial, the possibility for prejudicial effect on the trial judge was far less than upon a jury. Also, the possibility of prejudice was lessened by the fact that the prior criminal conduct was directed against the same person as that in the instant case. Moreover, Ms. Normand’s testimony regarding defendant’s prior misconduct was subject to his cross-examination at trial. Hence, we conclude that the failure to give notice did not affect substantial rights of the accused and thus does not constitute reversible error. La.Code Crim.P. art. 921.” 394 So.2d at 1185.
The judge here found a strong case from the testimony of the victim and his mother, as well as the statements appellant made to the police. The judge’s reasons for verdict do not show that any of the references complained of had any effect on the finding of guilt for the present crime even had they been found to have been erroneously admitted.
This assignment of error has no merit.
ASSIGNMENT OF ERROR NOS. 3 AND 4:
Appellant asserts that the sentence imposed upon him is cruel, unusual and excessive and that the trial judge did not adequately articulate the factual basis and reasons for the sentence.
It appears that the trial judge considered all of the important factors in arriving at the sentence. The judge at sentencing explained the reasons for sentence at length. Defense counsel admitted appellant was a second offender but brought up the time lapse between offenses, appellant’s pregnant wife and his child, his steady employment and support shown by letters about appellant’s good qualities. The trial court took note of these mitigating circumstances, and in addition noted that actual vio *279 lence was not brought upon the victim, but the sentencing judge emphasized that the criminal justice system depends upon the freedom of citizens to testify, and that this crime was a serious offense.
Appellant’s sentence was to serve eighteen months in parish prison subject to work release so as not to work a hardship on his family. The maximum possible sentence exposure for obstruction of justice under the facts of this case was five years at hard labor and/or a fine of $10,000. La.R.S. 14:130.1(B)(3).
Appellant’s sentence is on the lower range of possible sentences under the statute. The sentence is far from being cruel or excessive and reflects a leniency shown to appellant. The trial judge gave sufficient consideration to the factors of La.C. Cr.P. art. 894.1 for the sentence. It was not excessive.
This assignment of error lacks merit. ERROR PATENT
As an error patent on the face of the record it is noted that La.C.Cr.P. art. 873 requires a twenty-four hour delay between denial of a motion for a new trial and sentencing unless waived. However, this minor deviation is harmless where no objection was made or prejudice urged and where over five months elapsed between conviction and sentence. State v. Freeze, 438 So.2d 1340 (La.App.3rd Cir.1983), writ denied 466 So.2d 465 (La.1985), reconsideration denied 467 So.2d 1125 (La.1985); State v. White, 404 So.2d 1202 (La.1981).
For the foregoing reasons the conviction and sentence are affirmed.
AFFIRMED.