DOMENGEAUX, Chief Judge.
Defendant, Alton McCain, was charged with one count of conspiracy to distribute marijuana, a violation of La.R.S. 14:26, and one count of distribution of marijuana, a violation of La.R.S. 40:966 A(l). After a jury trial, defendant was convicted, by a unanimous vote, of conspiracy to distribute marijuana. The jury could not reach a verdict on the remaining count, distribution of marijuana, and the trial court declared a mistrial as to that charge. Defendant later received a four year sentence which was suspended, with the defendant being placed on four years supervised probation with special conditions.
On appeal, defendant argues, in two assignments of error, that the State failed to prove beyond a reasonable doubt the two *161 elements of the crime of conspiracy: an agreement to commit a crime and an overt act committed in furtherance of the agreement.
FACTS
In the spring of 1989, Deputy Scott Mount of the Vernon Parish Sheriffs Department was participating in an undercover narcotics investigation. He operated under the alias “Chris Scott,” posing as a surveyor for Delta Energy Company out of Dallas. In the course of the investigation, he became friends, and eventually roommates, with William “Bill” Jones, the defendant’s stepbrother and coconspirator. The record reveals that Jones did not know of Deputy Mount’s true identity until many months after the events at issue in this case occurred.
Deputy Mount testified that on the evening of March 8, 1989, he informed Jones that he wanted to purchase some marijuana. Deputy Mount, still posing as “Chris Scott,” drove Jones to the defendant’s trailer and parked his vehicle approximately 75 feet from the trailer’s front door. Jones left the car and knocked on the door. Deputy Mount recognized the defendant as the person who admitted Jones into the trailer. Jones returned to the vehicle a few minutes later, stating that defendant had to contact an individual named “Chris” and that they would have to return the next night.
On March 9, 1989, Deputy Mount gave Jones $50.00, drove him to the defendant’s trailer and remained in the car while Jones went inside. Jones spent about five minutes in the trailer and returned with a plastic bag containing one ounce of marijuana.
Jones testified against the defendant pursuant to a plea bargain in which eight out of ten felony charges were dismissed in return for his testimony and a guilty plea to conspiracy to distribute marijuana and distribution of marijuana. Jones testified that on the first night, the defendant told him he would have to come back the next day for the marijuana. On the second night, defendant produced the marijuana, and Jones bought it from him for $50.00.
The defendant testified that when Jones first approached him about purchasing some marijuana, he stated that he would “check around” only to get rid of Jones and that he had no intention of pursuing the matter further. According to the defendant, the next evening, it was Jones who produced a bag of marijuana and offered it to the defendant for sale. When the defendant declined, Jones left with the marijuana. The defendant’s account of the events of the second night was corroborated by his friend, Chris Golightly, who stated he was present when Jones produced the marijuana.
ASSIGNMENTS OF ERROR NOS. 1 AND 2
In these two assignments of error, the defendant argues the State failed to prove beyond a reasonable doubt (1) an agreement to commit a crime and (2) an overt act committed in furtherance of the agreement.
The standard of review when considering the sufficiency of the evidence to support a criminal conviction is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Richardson, 425 So.2d 1228 (La.1983). It is the role of the fact finder to weigh the respective credibilities of the witnesses, and therefore the appellate court should not second-guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1988).
The elements of the crime of conspiracy, La.R.S. 14:26, are (1) an agreement or combination of two or more persons for the specific purpose of committing a crime, plus (2) an act done in furtherance of the object of the agreement or combination.
Defendant first argues there was no true agreement to commit a crime because when he told Jones he would “check *162 around” he had no intention of procuring any marijuana for Jones. Defendant also argues that, because the jury failed to convict him of distribution of marijuana, the jurors must have rejected any evidence of an overt act committed in furtherance of the conspiracy.
Both issues raised by the defendant involve the resolution of disputed facts, which falls squarely within the jury’s determination of witness credibility. The jury’s factual determinations are entitled to great weight and will not be disturbed unless contrary to the evidence. State v. Klar, 400 So.2d 610 (La.1981).
The defendant admitted when Jones asked him to get some marijuana, he said he would “check around.” Defendant’s intent when he made this statement is a question of fact to be determined from the surrounding circumstances. Jones testified that at their next meeting the defendant sold him a bag of marijuana. Jones’ testimony was corroborated by Deputy Mount, who stated Jones produced a bag of marijuana when he returned to the vehicle.
The elements of a conspiracy can be proved by either direct or circumstantial evidence. State v. Brown, 398 So.2d 1381 (La.1981); State v. Stewart, 452 So.2d 186 (La.App. 4th Cir.1984), writ denied, 456 So.2d 1014 (La.1984). Viewing the evidence in the light most favorable to the prosecution, we conclude a rational trier of fact could have found beyond a reasonable doubt that the defendant agreed to procure marijuana to sell to Jones.
In his appellate brief, defendant places much significance on the fact that the jury was unable to convict him on the charge of distribution of marijuana. He argues the jury, therefore, must have rejected Jones’ version of their second meeting, and that there is no other evidence of an overt act committed in furtherance of the conspiracy.
We note that the jury did not acquit the defendant of the distribution charge; that charge did not result in a verdict, but rather a mistrial due to the hung jury. However, even if the jury had acquitted the defendant of distribution of marijuana, his conspiracy conviction would be upheld if the evidence was sufficient under the Jackson standard. See U.S. v. Powell, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984).
The proper inquiry is whether the evidence presented, when viewed in the light most favorable to the State, establishes beyond a reasonable doubt that the defendant conspired to distribute marijuana. Obviously, the jury believed Bill Jones and not the defendant and Chris Golightly. The jury was entitled to believe Jones’ version of the events of March 9, 1989, even though he was impeached with evidence of prior convictions, eight other felony charges and his admission of abusing and trafficking controlled dangerous substances.
This case presents a classic example of the jury exercising its role as the fact finder. Resolving the questions of credibility depended upon the jury’s observations and impressions of the witnesses as they were testifying. When the evidence in the record is viewed in the light most favorable to the State, the defendant’s conviction must stand.
These assignments of error are without merit.
For the above and foregoing reasons, the defendant’s conviction is affirmed.
AFFIRMED.