BROWN, Chief Judge,
dissenting.
Ijn February 2009, a Tensas Parish grand jury returned a 44-count indictment charging Higginbotham with 21 counts of felony theft, 18 counts of malfeasance in office, 4 counts of public salary deduction and one count of unauthorized use of a movable.
During a conference in chambers on the day of trial, the prosecutor dismissed all but three counts of the indictment. The three remaining counts were malfeasance in office, felony theft, and public contract fraud (the latter amended from the one *18 court of original charge of malfeasance in office).
In this case, the delayed, tortuous pretrial proceedings were caused by defendant’s evasiveness as to his legal representation. On March 29, 2010, Higginbotham went to trial representing himself. An attorney from the Indigent Defender’s Office was present as standby counsel. The state rested its case two days later. The next day, this court granted Higginbotham a 30-day continuance and stayed the proceedings. When the trial resumed for the presentation of Higginbotham’s case, defendant was represented by counsel.
During the delay, the trial court discovered an error in the recording of the testimony of two witnesses for the state. The state had presented evidence in support of the public contract fraud charge against Higginbotham, which included the testimony of Ted Higginbotham (defendant’s brother), and Dr. Glenda Richardson (Higginbotham’s business partner). Through an error in the court’s recording equipment, neither of these two witnesses’ testimony was recorded. Defendant moved for a |2mistrial. The trial judge granted a mistrial as to the public contract fraud count. The exhibits pertaining to the public contract fraud charge were removed from the record, and the jury was admonished to disregard the testimony and the exhibits.
Higginbotham made a writ application to this court, which affirmed the trial court’s action. Thereafter, his writs to the supreme court were denied, Justice Johnson dissenting. State v. Higginbotham, 11-0564, (La.05/06/11), 60 So.3d 621.
The indictment was changed to charge contract fraud on the day that trial began. The public contract fraud charge was changed from a charge of malfeasance in office that related to the “purchasing [of] goods and services and instructing Town of Waterproof employees to purchase goods and services from a business or entity in which he and/or immediate family members has [sic] a personal substantial economic interest....” Thus, defendant was aware that evidence relating to his control and ownership of the store and the Town’s purchases at the store would be at issue.
Further, this court specifically found that a partial mistrial was the appropriate remedy and writs were denied by the Supreme Court. At the time this court ruled, the state had presented its case-in-chief and the evidence relating to the public contract fraud charge had been presented. The missing transcription of the two witnesses’ testimony by itself is not overly prejudicial to defendant. The jury was adequately admonished.
We note that the question of defendant’s guilt was clearly proven beyond any reasonable doubt. In fact, defendant does not claim or assign as 13error that the evidence was insufficient. If other crimes evidence was improperly presented, it was harmless error as the verdict was clearly not attributed to it.
A mistrial is a drastic remedy to be invoked only when defendant suffers such substantial prejudice that he is deprived of any reasonable expectation of a fair trial. State v. Richardson, 35,450 (La.App.2d Cir.02/27/02), 811 So.2d 154; State v. Adams, 30,815 (La.App.2d Cir.06/24/98), 715 So.2d 118, writ denied, 98-2031 (La.03/19/99), 739 So.2d 774. The decision to grant or to deny a mistrial lies within the sound discretion of the trial court, and will not be disturbed absent a clear abuse of that discretion. Id. Likewise, the determination of whether an admonition will adequately cure any prejudice, and assure a fair trial, lies within the sound discretion *19 of the trial court. State v. Jeffers, 623 So.2d 882 (La.App. 2d Cir.1993).
In State v. Diggs, 43,740 (La.App.2 Cir.12/10/08), 1 So.3d 673, 678, this court stated:
Neither the state nor the defense has set forth any legal authority allowing (or disallowing) the granting of a partial mistrial-that is, the granting of a mistrial on some but not all of the counts charged in the indictment. The state cites cases in which the trial court has granted a mistrial on some but not all of the counts in instances when the jury has been unable to agree on a verdict under La. C. Cr. P. art. 775(2). See State v. McCain, 583 So.2d 160 (La.App. 3d Cir.1991), writ denied, 588 So.2d 1115 (La.1991)
[[Image here]]
Where the law is silent in such cases, the inherent authority of the court would permit a rule of reason requiring the proceedings to be conducted with dignity and in an orderly and expeditious manner. La.Code Crim. Proc. art. 17.
|4Pefendant filed a writ application with this court seeking a complete mistrial. This court found that a partial mistrial was appropriate. The Supreme Court, thereafter, denied the writ application by defendant. There was no abuse of discretion in this case.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, GASKINS, CARAWAY and DREW, JJ.
Rehearing granted.
WILLIAMS and CARAWAY, JJ., would deny rehearing.