337 So.2d 502 (1976)
STATE of Louisiana, Appellee,
v.
Louis DABON, Appellant.
No. 57741.
Supreme Court of Louisiana.
September 13, 1976.
*503 Maurice T. Hattier, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant was convicted of possession of heroin with intent to distribute it, La.R.S. 40:966 (1973), and sentenced to life imprisonment. Upon his appeal, he relies upon one assignment of error.
The assignment relates to the failure of the state to disclose the name of a confidential informant. The defendant argues that obtaining this identity was essential to his defense.
We find no merit to this assignment: As will be elaborated below, the informant was not a witness to any act with which the defendant is charged, nor was disclosure of the informer's identity relevant to any issue at the trial on the merits, at which disclosure was for the first time sought:
On the basis of information supplied by this informant, the police had maintained surveillance of certain premises and then had obtained a warrant to search the apartment. During the surveillance, at least two apparent drug sales were witnessed, in one of which the defendant participated and received money from a purchaser. As a result of the search pursuant to the warrant, some heroin was discovered attributable to the defendant's possession.
Thus, the identity of the confidential informant was irrelevant to the determination of the accused's guilt or innocence. The informant was not a witness to or participant in any act or event for which the defendant was on trial. His identity was not sought, for instance, in a hearing on a motion to suppress evidence directed at probable cause for a search or seizure; but only at the merit-trial in peripheral crossexamination of a police witness present at the arrest, in connection with ascertaining the reason for the officer's undisputed presence on the scene at the time.
Under these circumstances, the trial court properly sustained the state's objection to the defense question of the officer as to the name of his confidential informant. Probable cause for the search was not then an issue on the trial on the merits, nor is the denial to him of this information shown to be in any way prejudicial to his defense.
The informer privilege is based on the need of assuring a free disclosure of information to a governmental source through protecting against unnecessary disclosure, and upon the asserted governmental need of using such sources to obtain information as to covert types of criminal activities. It is generally recognized in Louisiana, although the secrecy of identity may be required to yield to competing interests of other constitutional or individual interests where circumstances show the overriding weight of the latter.
See: In re Baer, 310 So.2d 537 (La.1975); State v. Santos, 309 So.2d 129 (La.1975); State v. Rhodes, 308 So.2d 770 (La.1975); State v. Thorson, 302 So.2d 578 (La.1974); State v. Dotson, 260 La. 471, 256 So.2d 594 (1971); Pugh, Louisiana Evidence Law 187-88 (1974). See also McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967) and Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964).
As these decisions recognize, the privilege must give way where the disclosure of an informer's identity or of the contents of his communication is relevant and helpful to the defense of an accused or to the fair determination of an issue before the court. See also Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968) and Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).
However, as demonstrated by our statement of the factual and legal context in which disclosure was sought, the present is *504 not one of those relatively exceptional instances where disclosure of the informer's identity is necessary to assure the fairness of the trial of any issue before the court, or is relevantly helpful to the accused's defense of his innocence.
Accordingly, we affirm the conviction and sentence.
AFFIRMED.
SANDERS, C. J., and SUMMERS and MARCUS, JJ., concur.