337 So.2d 504 (1976)
STATE of Louisiana, Appellee,
v.
Ronnie TALLIE, Appellant.
No. 57697.
Supreme Court of Louisiana.
September 13, 1976.
*505 Robert A. Hatcher, Houston, Tex., for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Woodrow W. Erwin, Dist. Atty., Robert L. Bailey, III, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant Tallie was convicted of simple burglary, La.R.S. 14:62, and sentenced to imprisonment of nine years at hard labor. He perfected fourteen assignments of error; however, on appeal he argues only four principal issues.
The argued issues relate to: 1. The failure to inform him at the preliminary examination of the identity of a confidential informer; 2. the alleged unfair restriction of testimony in the hearing on the motion to suppress the evidence seized by an alleged unlawful search; 3. the alleged general unfairness of the trial on the merits through exclusion of certain evidence; and 4. the failure to afford a contradictory hearing on the motion for a new trial.
Context Facts
The defendant Tallie is charged with burglary of an American Legion home in Slidell. Objects stolen in the burglary were found in the possession of Tallie at Miss Overby's residence, where he was staying.
Initially, the police had received information from confidential informants that Tallie had committed an armed robbery in the vicinity, that he was a fugitive from Alabama, that he was staying with Miss Overby at her residence, that weapons used in the robbery and its proceeds were located there, that Tallie's brother was staying there (who reportedly had also participated in the robbery), and that Tallie was using an assumed name (Clacker) and had a driver's license in that name.
When the police went to the Overby home, they found Tallie's brother and a man with a driver's license in Clacker's name. Miss Overby (as she admitted) initially gave the policemen verbal consent to search the premises, but a little afterwards withdrew the permission when they wanted her to verify it in writing after she commenced to object to the extent of the search.
The police officers arrested Tallie and his brother and took them to the police station, leaving an officer on watch outside the residence.
They secured a search warrant, based on the information obtained from confidential informants, to search the Overby house for two pistols and two bandannas used in the armed robbery and for the proceeds thereof.
When the police officers returned to the home and executed the warrant, they did *506 not find the pistols or bandannas received in the robbery. However, they did find a sword, antique revolver, and bayonet matching the description of those reported as stolen in the recent burglary of the Legion home, as well as numerous packs of cigarettes of several different brands, a great deal of change in quarters, two bottles of gin, and other items consistent with the description of those stolen in that burglary. Confronted with this evidence, Tallie orally admitted to having committed the burglary.

1. The denial of access to the identity of a confidential informer at the preliminary examination.

The first argued issue by assignment of error no. 1 is based upon a preliminary examination held to determine whether there was probable cause to charge the defendant Tallie and a co-defendant (Miss Overby) with the present (American Legion) burglary and another. At the hearing, a police officer testified as to finding items stolen in both burglaries in Tallie's room and elsewhere in Miss Overby's premises. He and the victim of the other identified the items as stolen in the respective burglaries.
In explaining why he had initially gone to Miss Overby's house, the police officer testified that he did so because he had received information from a confidential informant. This was that a male occupant of the home was a fugitive from Alabama and had committed an armed robbery in the immediate vicinity.
The defendant urges error was committed when, upon state objection, the trial court prevented him from hearing the identity of the informant by cross-examination of the officer.
There is no merit to this contention: Pretermitting the validity of the privilege as to confidential informers, see State v. Dabon, 337 So.2d 502 (decided this date), the identity of the informant was irrelevant to any issue before the court at this hearing.
The preliminary examination is directed solely at whether there is probable cause to charge an accused with a specified offense. La.C.Cr.P. art. 296. The identity of the informer was not relevant evidence to determine the probable-cause issue. Evidence that goods stolen in the burglary were recovered from the accused's possession through execution of a search warrant was relevant to probable cause. However, the identity of the informant who supplied the information upon which the warrant was secured had no relevance to any issue then before the court.

2. Testimony allegedly unfairly restricted at the hearing on the motion to suppress the evidence as illegally obtained.

The second argued issue was raised by the defendant's assignment of error no. 2. The hearing on the motion to suppress was lengthy (Record pp. 123-215), and the trial court allowed the defendant great latitude in interrogating the police officers and in introducing his own evidence as to the alleged unlawfulness of the search. We note only two rulings made during the course of the lengthy hearing to which the defendant objected.
Despite this, the defendant now contends that the trial court unfairly restricted the scope of the hearing. He points out several excerpts from the hearing whereat (without objection at the time) the trial court reiterated that he regarded the issue before him as limited to the validity of the warrant and the search made thereunder.
With regard to the validity of the warrant, the police officers testified that the confidential informants involved had previously given them reliable information which had resulted in several convictions. Under jurisprudential standards now applicable, these indicia of reliability are sufficient.
The two rulings as to which formal objection at the time was made involved an inquiry as to the age of a confidential informer and as to whether he had a police record. The alleged purpose of these questions *507 was to test the reliability of the informant (not of the affiant police officers, who had submitted their affidavit to the magistrate and had secured the search warrant).
The inquiry at a motion to suppress is directed at the sufficiency of the affidavit presented to the magistrate. The credibility of the affiants who themselves presented the information to the magistrate may be attacked, since a falsely sworn affidavit is a fraud on the court. However, the personal credibility of the informants who gave the information to the affiant cannot be investigated at such a motion, since this is not an issue (except insofar as the indicia of their reliability as a source of information) at the hearing to determine whether the magistrate issued the warrant upon probable cause shown to him.
See: State v. Cox, 330 So.2d 284 (La. 1975); State v. Roach, 322 So.2d 222 (La. 1975); State v. Giordano, 284 So.2d 880 (La.1973); State v. Melson, 284 So.2d 873 (La.1973); State v. George, 273 So.2d 34 (La.1973).
For purposes of the permissible inquiry at the motion to suppress, we find no shown relevance of the prior criminal record or age of the informants who gave information to the truthful affiant police officers.
During the hearing, no objection was made to the trial court's comments now complained of at Tr. 41, 71-72 (where, in fact, the trial court permitted the defendant to proceed, see Tr. 74), Tr. 90 and 91 of the hearing transcript. At Tr. 74 and 91, the trial court specifically indicated a willingness to hear any more evidence the defendant desired to introduce, and we found no place at which defendant's inquiry was in fact restricted.[1]
Aside from the waiver of the right to complain by the failure to object at the time, La.C.Cr.P. art. 841, an examination of the transcript as a whole discloses no factual or legal basis for the defendant's belated complaints of the curtailment of the scope of the evidentiary hearing. The testimony further reflects that the physical evidence was seized pursuant to a search resulting from a lawfully obtained warrant.
The motion to suppress was correctly denied.

3. Alleged unfair exclusion of evidence.

The specific complaint raised by this third argued issue is based upon assignment of error no. 5. The rulings designated as erroneous by that assignment denied the defendant the opportunity to cross-examine the arresting police officer as to the reasons he had arrested the defendant Tallie (i. e., the information received from a confidential informant that Tallie had committed an armed robbery) and as to the basis of the affidavit by which the search warrant was secured (i. e., information that the weapons and bandannas used in the armed robbery were at the Overby residence). The trial court sustained state objections to cross-examination of a police witness as to these issues.
The substance of the complaint is that thereby, the jury was misled into believing that the initial arrest and search warrant were on the basis of the present burglary rather than (merely!) of an armed robbery entirely distinct from the present burglary.
The trial court correctly ruled that, at the trial on the merits of innocence or guilt, no issue relevant to this case was raised by the probable-cause reasons for the defendant's initial arrest or for the admission into evidence of physical evidence previously ruled admissible at a hearing on a motion to suppress it. See, e. g., State v. Mitchell, 278 So.2d 48 (La.1973).
Despite the accused's complaint, we further find no prejudice caused him by the rulings. To the contrary, the state courted reversible error if it had sought to introduce the affidavit containing allegations that the defendant had committed an unrelated other crime, or hearsay testimony *508 that a confidential informer had so reported. See: La.R.S. 15:445, 446; State v. Meshell, 332 So.2d 767 (La.1976); State v. Thompson, 331 So.2d 848 (La.1976). Even indirect reference by a prosecutor to an unrelated crime alleged to have been committed by the accused, is regarded as so prejudicial to an accused as to mandate mistrial. La.C.Cr.P. art. 770(2); State v. Meshell, cited above. The rulings were therefore also justified as preventing injection into the trial of an essentially irrelevant side-issue to the prejudice of the accused.[2]
We find no merit in the contentions raised by this issue.

4. The alleged denial of a contradictory hearing upon the motion for a new trial.

The motion for a new trial was filed in open court and denied the same day, in the presence of the defendant and his counsel. (At that time, they waived the delay for sentencing, and sentence was imposed.) See minute entry at Tr. 5.
The motion reiterates the alleged errors committed during the preliminary examination hearing, on the motion to suppress, and at the merit-trial which were the subject of the assignments of error. Their validity did not call for consideration of any evidence outside of the record made during these proceedings.
At the time the motion was denied, the defendant did not object to its immediate consideration by the court, nor to the court's immediate disposition of it.
Aside from any lack of merit to the contention, the defendant on appeal claims to be error an action of the trial court neither objected to at the time, La.C.Cr.P. art. 841, nor designated by the defendant's assignment of errors, La.C.Cr.P. art. 920. It therefore will not be considered by us.
Other assignments of error
The defendant does not argue and therefore abandons his other assignments of error, none of which appear to possess merit: assignments 3, 4, 6, 7, 8, 9, and 11, relating to evidentiary rulings; assignment 10, relating to a comment by the trial court; assignment 12, relating to the closing argument of the prosecutor; and assignments 13 and 14, relating to the instructions to the jury (which, moreover, were not objected to at the trial).

Decree
Accordingly, we affirm the conviction and sentence.
AFFIRMED.
NOTES
[1] The remarks at Tr. 71-72 and 90 were directed at shortening the prosecutor's cross-examination of defense witnesses, not at curtailing defense inquiry, for instance.
[2] Although not required to do so, State v. Mitchell, 278 So.2d 48, 53 (La.1973), the state introduced the search warrant and the return thereon without objection, Tr. 339, 340, to prove how it had obtained custody of the goods stolen in the burglary. When defense counsel sought to cross-examine the police officer as to the affidavit and application used to secure the warrant, the court correctly ruled that the application was not before the jury, Tr. 352, and that the introduction of the return into evidence was for the restricted purposes of identifying the objects allegedly taken in the burglary and allegedly found as a result of the search pursuant to the warrant. Tr. 355.