400 So.2d 610 (1981)
STATE of Louisiana
v.
Louis M. KLAR.
No. 80-KA-2666.
Supreme Court of Louisiana.
June 22, 1981.
*611 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John Mamoulides, Dist. Atty., G. Michael Grosz, Stephen Little, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
Robert Garrity, Joseph Montgomery, Jack Quarles, Indigent Defender Program, Gretna, for defendant-appellant.
BLANCHE, Justice.[*]
Defendant Louis M. Klar was charged by bill of information with possession with intent to distribute marijuana. R.S. 40:966. Defendant's motion to suppress was denied, and he changed his plea to guilty, reserving his right to appeal the denial of his motion to suppress. State v. Crosby, 338 So.2d 584 (La. 1976). Defendant was sentenced to three years imprisonment at hard labor, suspended, with defendant placed on active probation for three years. As a special condition of probation, the trial judge ordered defendant to serve six months in the parish prison and to pay court costs. On appeal, defendant argues three assignments of error. The following facts were brought forth at defendant's motion to suppress hearing.
In the late evening of August 2, 1978 Deputies Accardo and Devlin of the Jefferson Parish Sheriff's Office obtained a search warrant authorizing the search of the residence of "Louie and Trina" at 1000 Scotsdale Drive, Apt. 106D, Harvey, Louisiana. (Appendix A). The affidavit to the warrant states the affiants were contacted on August 1, 1978 by a confidential informant who claimed that Louie and Trina were dealing lids of marijuana. The confidential informant turned out to be Trina's husband, Glen Hollis. He further told the officers he would be willing to make a controlled investigative purchase from the two.
The next day the confidential informant contacted Agent Accardo and indicated that he would make the controlled purchase that day. Accordingly, Agent Accardo met with the confidential informant on the evening of August 2, and while under the agent's surveillance and with police funds, the confidential informant purchased marijuana from the suspects' apartment. Additionally, upon his return, the confidential informant stated to Agent Accardo that while inside the apartment, Louie said "he could come to the residence and make additional purchases of marijuana any time."
The warrant was executed at 11:25 p. m. on August 2, 1978, and uncovered 19 pounds *612 of marijuana and a prescription bottle with 32 yellow valium tablets. Subsequently, Louie and his girlfriend, Trina, were arrested. Ultimately, the charges against Trina were dropped.
Defendant filed a motion to suppress and later, an amendment to said motion. Attached to the amendment was a declaration under authentic act by Glen Hollis, the confidential informant and Trina's husband, wherein he specifically denies he ever told the affiants that Louie invited him back for "additional purchases of marijuana at any time."
At the hearing on the motion to suppress, Glen Hollis testified the affidavit was totally correct except for the reference to "additional purchases" which he denied having made to Agent Accardo. Agent Accardo testified the statement was made to him by Hollis and it was one of the reasons he sought a search warrant.
The defendant argued at the hearing that the affidavit was insufficient because: (1) it gave no indication of the confidential informant's reliability; (2) the declaration by the confidential informant revealed that the affidavit contained an intentional falsehood rendering the warrant invalid. The trial judge denied the motion.

Assignments of Error Numbers 1 and 2
Defendant contends it was reversible error for the trial court to permit the state to strengthen and broaden the warrant at the suppression hearing. He specifically complains that the state's questions posed to the affiant, Agent Accardo, and the confidential informant, Hollis, had this effect. (Appendix B).
At a hearing on the motion to suppress evidence seized pursuant to a search warrant, the inquiry is directed at the sufficiency of the affidavit presented to the magistrate. State v. Tallie, 337 So.2d 504 (La. 1976). While it is true the magistrate's determination of probable cause must be based upon information contained within the four corners of the affidavit, State v. Tranum, 384 So.2d 367 (La. 1980), the trial court's review to determine the sufficiency of the affidavit is not so limited. Here, the trial judge was concerned with the veracity of the affiant and the confidential informant, and it was proper for him to hear both versions concerning the truth of the statement challenged by the defendant. State v. Tallie, supra.
Furthermore, it is really not clear to us how the defendant was prejudiced by the complained of inquiries as no new information was given and the questions were pertinent to the information given in the affidavit, which the court had to ultimately deem as true or false. The defendant initiated the inquiry into the truth of the statement contained in the affidavit, and if in proving the truth of this statement the state "strengthened" the affidavit, it was a risk the defendant voluntarily assumed.
These assignments of error are without merit.

Assignment of Error Number 3
Defendant contends that the trial court erred in denying his motion to suppress on the ground of an intentional misrepresentation by the affiant or, alternatively, because the warrant affidavit was insufficient and could not form the basis for a finding of probable cause.
The defendant contends Agent Accardo made an intentional misrepresentation when he placed in the last line of the affidavit the following statement: "It should be further noted that the CI stated that while inside said residence Louie advised the CI that he could come to the residence and make additional purchases of marijuana at any time." To support this, defendant presented the testimony of the defendant, the confidential informant Hollis, the other affiant Officer Devlin, and several defense witnesses who witnessed the drug transaction described in the affidavit. All of these parties denied hearing the defendant defendant make such a statement to the confidential informant, with the defendant and the confidential informant specifically saying no such statement had been made or related to the affiant Agent Accardo.
*613 Agent Accardo wrote the entire affidavit and was the officer who participated in the controlled buy. He would have been the person to whom the confidential informant made this statement. He testified Hollis did make this statement to him upon returning from the defendant's apartment after the completion of the controlled buy.
When there is conflicting testimony as to a factual matter such as this, the question of the credibility of the witnesses is within the sound discretion of the trier of fact. His factual determinations are entitled to great weight and will not be disturbed unless clearly contrary to the evidence. State v. Cobbs, 350 So.2d 168 (La. 1977). Here the trial judge was faced with believing Officer Accardo or the confidential informant Hollis as to whether Hollis made the statement to the officer. We see no abuse in the trial judge's decision to believe Officer Accardo that the statement was made to him and then properly put in the affidavit.
Defendant could be correct in that the statement may never have been made to Hollis. However, Officer Accardo testified that Hollis made the statement to him, and only those two know the truth. Considering Hollis' quite voluntary cooperation with the police in building a case against his wife's boyfriend, the defendant, he could have fabricated this statement at the time. Still there is no evidence that Officer Accardo should have suspected Hollis of lying or of contriving to falsely frame the defendant, for all of Hollis' information and actions had been totally reliable and accurate. Whatever motive Officer Accardo or Hollis now have for lying we can not decipher. We can determine the trial court's determination of credibility in favor of Officer Accardo does not appear erroneous, and the defendant has not satisfied his burden of proving, by a preponderance of the evidence, that the affiant's representation was false. State v. Wollfarth, 376 So.2d 107 (La. 1979). Thus, we reject defendant's argument that the statement was an intentional misrepresentation.
Alternatively, defendant contends the search warrant affidavit was insufficient for a finding of probable cause. A search warrant may issue only upon an affidavit reciting facts establishing to the satisfaction of a neutral and detached magistrate that probable cause exists to search the premises named for the object sought. La.Const. Art. 1, § 5 (1974); C.Cr.P. art. 162.
Here, the affidavit is based in part upon the hearsay of the confidential informant and in part on the personal observations of the affiant Accardo. The hearsay element of the affidavit is contained in the affiant's report that the confidential informant informed him that the defendant and Trina were dealing marijuana lids from defendant's apartment and that he could return for additional purchases at any time. The factual element of the affidavit is contained in Agent Accardo's report of the controlled purchase.
Combining the two, the independent magistrate could determine the confidential informant's information was reliable and he himself was credible. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). This affidavit presented ample evidence upon which a reasonable person could act. The magistrate's determination of probable cause should be paid great deference by reviewing courts. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); State v. Nix, 327 So.2d 301 (La. 1975). We pay such deference here finding no abuse of the trial court's determination that this affidavit amply shows there was probable cause to search these premises for marijuana. Thus, we reject this attack by the defendant that the search warrant was improperly issued.
This assignment of error is without merit.
For the above reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[*] Judges Morris A. Lottinger, Jr., Wallace A. Edwards and Elven E. Ponder of the Court of Appeal, First Circuit participated in this decision as Associate Justices Ad Hoc joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Watson.