WILLIAMS, Judge.
Defendant Dianne Dexter pleaded guilty to two counts of violating La.R.S. 40:966 and one count each of La.R.S. 40:967, 968 and 969 (intent to distribute marijuana, ly-sergic acid diethylamide, methamphetamine and diazepam, and possession of secobarbi-tal and amobarbital). She was sentenced to serve three years at hard labor for each conviction of La.R.S. 40:966, 967 and 969. These sentences were suspended and defendant was placed on active probation for three years for each count, the sentences to run concurrently. She was also fined $1,000.00. She was sentenced to serve three years at hard labor for her conviction of La.R.S. 40:968. This sentence was also suspended and defendant was placed on three years active probation and fined $1,000.00. Dexter’s co-defendant, Louis Licciardi, is not before us on appeal.
Defendant pleaded guilty to these counts, reserving her right to appeal the decision of the trial court not to suppress evidence seized pursuant to a search warrant. State v. Crosby, 338 So.2d 584 (La.1976). Defendant’s appeal of the trial court’s decision is based upon two assertions: (1) the search warrant was insufficient because the underlying affidavit failed to establish probable cause, and (2) the issuing magistrate was misled by the affiant who provided him with false information.
The following relevant facts were contained in the affidavit upon which the search warrant was based: A confidential and reliable informant whose information had led to arrests for drug transactions in the past had shown police officers the apartment at 111 Governor Nicholls that was occupied by three females, one of whom was called “Dex.” He told police that he had bought marijuana from these women within the past twenty-four hours *1289 and that other controlled substances were also available for purchase. The police had received several telephone calls stating that drugs were being distributed from the apartment, and officers on surveillance had seen four people go into the apartment within less than an hour, remain in the house for a short period of time, and then exit. Two of the people were apparently acting suspiciously after leaving the house.
Defendant claims that the information contained within this affidavit is insufficient to supply probable cause, and the search warrant should not have been issued. An affidavit must set forth information by which the magistrate can determine whether probable cause exists for the issuance of the warrant. La.Const. Art. I, Section 5 (1974); La.C.Cr.Pro. art. 162. If part of the information relied upon by the affiant to establish probable cause is from an informant, this court must check to see whether “the totality of circumstances” indicate that probable cause was established. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The defense is correct in its assertion that the mere observation of people approaching and leaving a residence and acting suspiciously is not in and of itself sufficient to establish probable cause. Massachusetts v. Upton, 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984). The totality of circumstances present in this case, however, clearly shows that probable cause was established in the affidavit. The police were acting on a tip by an informant. The reliability of the informant was established within the affidavit, and was further corroborated by information that was either received by the police by telephone calls, or through their own observations.
Based upon the totality of the circumstances presented to the magistrate, and in consideration of the magistrate’s discretion in the determination of probable cause, we find that this argument is without merit. See State v. Rodrigue, 437 So.2d 830 (La.1983).
Defendant asserts that the search warrant was not obtained in good faith because the issuing magistrate was misled by information that the affiant knew to have been false. To support this argument, the defense introduced testimony by Jackson Fleener to the effect that he was threatened by the police to give information about defendant. The defense claims that this indicates that Fleener was the confidential informant referred to in the affidavit. At the hearing on the motion to suppress, however, the affiant testified that Fleener was not the confidential informant referred to in the affidavit, although he did identify defendant as a source of drugs.
The defense also claims that the information in the affidavit concerning the “suspicious” visitors was false. Four witnesses, including defendant herself, testified that the front gate leading to the apartment was locked thereby making it impossible for people to enter as the affiant described in the warrant. We note that the other three witnesses were also arrested as a result of this investigation.
The testimony of Fleener and the witnesses who claimed that the front gate was locked was obviously discounted by the trial court. Because this is a question of credibility, and the defendant has the burden of showing that the affidavit contains false statements, we cannot conclude that the trial court was in error in refusing to hold that the magistrate was misled by the affiant in issuing a search warrant. See State v. Brannon, 414 So.2d 335 (La.1982); See also State v. Klar, 400 So.2d 610 (La.1981).
For the foregoing reasons, we hold that the decision of the trial court to refuse to suppress the evidence seized as a result of the search warrant was correct, and defendant’s convictions and sentences are thereby affirmed.
AFFIRMED.