KLEES, Judge.
Defendant Kermit Isom was charged with possession of marijuana and cocaine with intent to distribute in violation of L.R.S. 40:966 and 40:967. Following a trial by jury he was found guilty of these charges. He was also charged with and pled guilty to possession of a firearm by a *621 convicted felon in violation of L.R.S. 14:95.-1. The defendant was sentenced as a multiple offender to serve 10 years at hard labor.[1] The defendant appeals only the narcotics convictions alleging that the trial court erred in denying his Motion to Suppress Evidence i.e. narcotics seized at the time of his arrest.
FACTS:
On January 17, 1983, Detective Earl Woolfolk received information from a confidential informant who said he had purchased drugs on several occasions from the defendant at 3910 Annunciation Street. The informant also said that he saw narcotics at this address at approximately 9:30 p.m. on January 16, 1983. After receiving this information, Detective Woolfolk and two other officers conducted a surveillance of this residence from 4:00 p.m. until 7:00 p.m., on January 17, 1983. During this time, they witnessed several people enter and leave the residence. The policemen pursued one of these visitors but he fled and could not be found. Based on these facts, Detective Woolfolk made a sworn affidavit to a magistrate and a search warrant was issued. On January 18, 1983 a search was conducted at the Annunciation Street address and drugs were seized. The defendant and three others were arrested. Following an evidentiary hearing, the defendant’s Motion to Suppress Evidence was denied.
ASSIGNMENT OF ERROR:
By his single assignment of error, the defendant claims that the search warrant issued in this case was not Constitutionally valid. He argues that the affidavit submitted by Detective Woolfolk was insufficient to establish the probable cause required to issue a valid search warrant. The affidavit for the search warrant reads as follows:
DET. E. WOOLFOLK, ON 1-17-83 AT 1:05 P.M., WAS APPROACHED BY A RELIABLE CONFIDENTIAL INFORMANT WHO HAS PROVEN HIMSELF RELIABLE AND CREDIBLE IN GIVING PERTINENT INFORMATION LEADING TO PAST DRUG ARREST. THE CONFIDENTIAL INFORMANT INFORMED DET. E. WOOLFOLK OF COCAINE, AND MARIJUANA TRAFFICKING AT 3910 ANNUNCIATION. ON SEVERAL OCCASIONS, THE CONFIDENTIAL INFORMANT HAS ENTERED THE AFOREMENTIONED ADDRESS AND PRUCHASED DRUGS FROM HERBERT ISOM N/M 35, AND GLORIA TRAVIS N/F 40. DRUGS WERE SEEN AT THE ABOVE LOCATION AS LATE AS 9:30 P.M. ON 1-16-83. THE CONFIDENTIAL INFORMANT OBSERVED APPROXIMATELY ONE HALF POUND OF MARIJUANA AND SEVERAL GRAMS OF COCAINE. UPON RECEIVING THIS INFORMATION, DET. E. WOOLFOLK, DET. D. DEAL CONDUCTED A SURVEILLANCE OF THE AFOREMENTIONED ADDRESS FROM 4:00 P.M. — 7:00 P.M. DURING THIS 3 HOUR SURVEILr LANCE, OFFICERS OBSERVED SEVERAL PERSONS, AT DIFFERENT TIMES, ENTER THE AFOREMENTIONED ADDRESS AND STAY ABOUT 10-15 MINUTES. UPON LEAVING THE RESIDENCE, THESE SUBJECTS WOULD HURRIEDLY LEAVE THE AREA. OFFICERS, AT ONE POINT, ATTEMPTED TO STOP ONE SUBJECT WHO HAD ENTERED AND LEFT THE RESIDENCE. OFFICERS FOLLOWED THIS SUBJECT TO LOUISIANA AVE. AND CONSTANCE STREET. OFFICERS CALLED TO THE SUBJECT IDENTIFYING THEMSELVES AS POLICE OFFICERS. THIS SUBJECT, A N/M 20-23 5'8" 140 lbs., BEGAN RUNNING ON LOUISIANA AVENUE TOWARD THE RIVER WITH THE OFFICERS IN PURSUIT. THE OFFICERS LOST TRACK OF THE SUBJECT AND RETURNED TO THE SURVEILLANCE. IT IS DUE TO THESE FACTS AND CIRCUMSTANCES THAT OFFICERS RESPECTFULLY *622 REQUEST A WARRANT FOR THE SEARCHING OF THE ABOVE PREMISES.
The defendant argues that the affiant, Detective Woolfolk deliberately withheld information concerning the character of the informant which would reflect unfavorably on the informant’s reliability and trustworthiness. The defendant also claims that the activity witnessed by the officers during the surveillance was more consistent with innocent activity than guilty behavior.
A search warrant may only be issued upon an affidavit reciting facts which establish that probable cause exists to search the premises named for the object sought. L.S.A.-C.Cr.P. art. 162, LSA-Const. Art. 1 § 5, U.S.C.A. Const.Amend. 4; State v. Klar 400 So.2d 610 (La.1981). Probable cause exists when facts and circumstances within the affiant’s knowledge, and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that contraband may be found in a place to be searched. State v. Tate, 407 So.2d 1133 (La.1981). The Louisiana Supreme Court has held that when an affidavit in support of a search warrant is based on hearsay information, the issuing magistrate must be informed of some of the underlying circumstances from which the affiant concluded that the informant was credible and his information reliable. State v. Nelson, 381 So.2d 477 (La.1980). This court has held that factors which support the credibility of an unidentified informant relied on in an affidavit for a search warrant may include either prior accurate reports or specific independent corroboration of the accuracy of the instant report. State v. Dillon, 419 So.2d 46 (La.App. 4th Cir.), writ denied 421 So.2d 1126 (La.1982). The task of the reviewing court on appeal from issuance of a search warrant is to insure that the magistrate had a substantial basis for concluding that probable cause for issuance of a warrant existed. State v. Ogden, 391 So.2d 434 (La.1980). The magistrate’s determination that probable cause existed to issue a search warrant should be paid great deference by reviewing courts. Klar, supra.
In this case, the informant had previously provided information which led to past drug arrests. His report that drugs were being sold out of the Annunciation Street address was corroborated by Det. Woolfolk and Det. Deal who observed several individuals entering this residence and leaving after only a short time, carrying small packages. It was further corroborated by the fact that when the officers attempted to question a visitor leaving this address, he fled. We find that the information contained in the affidavit was sufficient to establish probable cause to issue a search warrant.
The defendant further argues that the informant’s report of viewing narcotics at the Annunciation Street residence at 9:30 p.m. on January 16, 1983 is incorrect because at the evidentiary hearing four witnesses testified that no one was at that address on that date. At the hearing Gloria Travis, an original defendant and the resident of 3910 Annunciation Street, her mother, and her daughter testified no one was at the residence on January 16,1983 at 9:30 p.m. A review of the testimony shows none of these witnesses had been at that residence since Thursday, January 13, 1983.
When there is conflicting testimony as to a factual matter, the question of credibility of witnesses is within the sound discretion of the trier of faet. Klar, supra. We are unable to find clear error in the trial court’s disbelieving these witnesses’ testimony.
Accordingly we conclude that the trial judge was correct in denying the defendant’s Motion to Suppress the Evidence.
For the above reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The multiple bill sought to enhance the sentences of both narcotics convictions, but the trial judge correctly enhanced only the R.S. 40:967 conviction.