YELVERTON, Judge.
Defendant, Woodruff Harold Hayes, Jr., age 34, was convicted of the felony of operating a vehicle while intoxicated, third offense, a violation of La.R.S. 14:98(D), and sentenced to three years at hard labor. He appeals the conviction based on sufficiency of the evidence, and the sentence for sentencing errors and excessiveness.
FACTS
The defendant Hayes testified at the trial. He said he came down from Bossier City to Sabine Parish looking for work early on the morning of June 80, 1985. At about 9 o’clock he was driving his pickup truck on Fisher Tower Road when an unidentified vehicle ran him off the road, causing him to go into a ditch where his pickup overturned. He explained that there was a half gallon bottle of vodka locked in his tool box on the back of the truck, and when the pickup overturned, it caused the tool box to open and its contents to be scattered onto the ground. Hayes said that he got out of his wrecked truck and sat down on the grass, and felt bad about the accident, disgusted, and mad. “And there laid that bottle, laying there”. He said he began to drink it. He testified that he had not had a drop to drink before the accident. He said that after he drank vodka for a while, he caught a ride down to a store.
Someone called and told the police that a man was misbehaving at the store. Two Florien City Police Officers went there, learned of the accident, picked Hayes up, and took him back to the scene.
State Trooper Joe Melton received a call at 11:28 a.m. about an accident on Fisher Tower Road, and he went to the scene to investigate. He arrived at the scene at 11:35 a.m. and defendant was already there. The defendant appeared severely intoxicated. He failed a field sobriety test. He was taken in and given a photoelectric intoximeter test which registered a reading of .22 grams percent.
Melton testified that Hayes told him at the scene, that he was driving the truck when he had the accident, that he had consumed half a pint of whiskey, and that *244 he had not had anything to drink after the accident.
SUFFICIENCY OF THE EVIDENCE FOR CONVICTION
Defendant argues that the trial court erred in finding him guilty of the crime of DWI, third offense, because the State failed to prove him guilty beyond a reasonable doubt. The case of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is the standard for reviewing whether the evidence in a criminal case is sufficient to support a conviction. The standard is whether any rational fact finder, viewing the evidence in a light most favorable to the prosecution, could have found the essential elements of the offense proven beyond a reasonable doubt. We find that the evidence was sufficient to convict for DWI, third offense.
The State presented evidence of defendant’s first two DWIs, and defendant does not challenge the validity of his prior convictions. What defendant challenges on appeal is the trial court’s conclusion that he was intoxicated while he was driving his truck.
Ellen Marie Sissom testified that she was with Hayes from 5:30 until 7:30 o’clock that morning and that during this time he had not had any alcoholic beverages. Bud Lew-ing testified that he saw Hayes between 8:00 and 8:30 o’clock that morning, when he came to his house looking for work, and that Hayes did not then appear to be under the influence ,of alcohol.
The question of guilt or innocence in this case turns on a determination of a question of fact. Hayes told the State Trooper at the scene that he had been drinking before the accident and that he did not have anything to drink after the accident. He told the judge at the trial that he had done all his drinking after the accident, and had not touched a drop before it happened. The trial judge concluded that what Hayes told the State Police on the day of the accident was the truth. The trial judge heard the evidence and saw the witnesses. When there is a conflict in testimony as to a factual matter such as this, the question of credibility rests within the sound determination of the trier of fact. The trier of fact’s determination is entitled to great weight. State v. Klar, 400 So.2d 610 (La.1981). We find that the trial court reasonably concluded that the defendant was driving while intoxicated. The evidence was sufficient to convict.
THE SENTENCE
The sentence of three years at hard labor is the middle of the range for DWI, third offense, set by La.R.S. 14:98(D), which provides for imprisonment for not less than one year nor more than five years, and a fine of not more than $1,000.
Defendant has had at least six other DWI convictions in the .parishes of Bossier, Sabine, and Vernon. According to the pre-sentence investigation report, after the present conviction defendant was arrested and pleaded guilty to another DWI, third offense, in Vernon Parish. His criminal record lists a number of alcohol related offenses besides DWIs.
Defendant complains that the trial judge failed to comply sufficiently with the sentencing guidelines of C.Cr.P. art. 894.1. Specifically, he contends that the trial court ignored the mitigating factors in the case. Hayes does not think that the trial judge paid enough attention to the fact that, as an alcoholic, he had a disease over which he had no control. Actually, the trial judge made it clear that he was quite aware of the defendant’s problem, and its dominance over his life. Hayes also does not think that enough consideration was given to sentencing him to participate in a court approved substance abuse program. The trial judge gave due consideration to that prospect, but decided against it after noting that Hayes had been exposed to rehabilitative measures following earlier DWI convictions, without success. The trial judge considered every mitigating factor. We find full compliance with the sentencing guidelines.
Hayes also contends that the sentence is constitutionally excessive. We disagree. This defendant’s extensive DWI record alone supports a substantial sentence, and a sentence in the middle be *245 tween the minimum and the maximum is not excessive for this offender, for this offense.
We find no sentencing errors.
For these reasons, both the conviction and the sentence are affirmed.
AFFIRMED.