546 So.2d 538 (1989)
STATE of Louisiana
v.
Annette SMITH.
STATE of Louisiana
v.
Gary SMITH (Two Cases).
Nos. 88KA1411-88KA1413.
Court of Appeal of Louisiana, First Circuit.
June 20, 1989.
*539 John J. Erny, Jr., Asst. Dist. Atty., Thibodaux, for plaintiff-appellee, State.
Herbert O'Niell, Chief Indigent Defender, Thibodaux, for defendants-appellants, Annette and Gary Smith.
Before WATKINS, CRAIN and ALFORD, JJ.
WATKINS, Judge.
Gary Smith was charged by bills of information with possession of a firearm by a convicted felon (196523) and second offense possession of marijuana (194825), violations of LSA-R.S. 14:95.1 and 40:966, respectively. Gary's wife, Annette Smith, was charged by bill of information (194806) with possession of cocaine, a violation of LSA-R.S. 40:967. Defendants pled not guilty and filed motions to supress the seized evidence. After a joint hearing, the trial court denied defendants' motions to suppress. Defendants then withdrew their pleas of not guilty and pled guilty as charged, expressly reserving their right to appeal the trial court's denial of their preplea motions to suppress. See State v. Crosby, 338 So.2d 584 (La.1976). Thereafter, the trial court sentenced defendants. Gary Smith received a sue year term of imprisonment at hard labor, without benefit of probation, parole or suspension of sentence, on the firearms conviction. He also received a concurrent five year term of imprisonment at hard labor on the marijuana conviction.[1] Annette Smith was sentenced to a five year term of imprisonment at hard labor on the cocaine conviction. However, execution of her sentence was suspended; and she was placed on supervised probation for a period of three years with special conditions.
Defendants bring this appeal urging, as their sole assignment of error, that the trial court erred by denying their motions to suppress because the affidavit in support of the search warrant was based on information which had been illegally seized from third persons.
The transcript of the hearing on the motions to suppress reveals that on October 8, 1987, officers of the Lafourche Parish Sheriff's Office procured a warrant to search the trailer home occupied by defendants. The warrant was executed that same day, resulting in the recovery of a small amount of marijuana, several firearms, and some cocaine. Defendants contend that the affidavit in support of the search warrant was intentionally misleading and based on information obtained through violation of the constitutional rights of third parties.
The instant affidavit provides, as follows: Based on the fact that the Lafourche Parish Narcotics Office sent a confidential informant in this above residence and made a controled (sic) buy for the purchase of cocaine. The purchase was *540 made by the informant from Gary Smith. A surveillance has been conducted on the residence by the Narcotics Office for the past two months. Narcotics agents have gained intelligence through the confidential informant that Gary Smith keeps cocaine inside of the residence for personal use and for distribution. On 10-08-87 Detectives Wall, Conley, and Boughammer conducted a surveillance of the residence and observed red Camero (sic) go to the above residence. One subject remained in the vehicle and one subject went inside. Approximately five minutes later the male subject who entered the residence walked outside carrying a bag under his arm. (right arm) The subject then entered the vehicle (red Camero [sic]) and left the residence. The red Camero (sic) then proceeded on Talbot. Det. Boughammer then tried to effect a traffic stop on the vehicle for speeding and running a stop sign. It should be noted that Det. Boughammer had difficulty stopping the vehicle on Talbot and while observing this and took note that the passenger (male) was leaning over in the seat. It appeared that he was putting something under the seat. The traffice (sic) stop was effected on Barbier Street. Det. Boughammer walked up to the vehicle and observed a gun on the dash of the passenger side. The driver (female) could not produce a driver's license. Both subjects were ordered out of the vehcile. (sic) Det. Boughammer then observed marijuana gleemings (sic) and seeds on the passenger seat. He could also see at that view point a bag protruding from under the seat. The bag was on the passenger's side under the seat. It should be noted that their (sic) were no other bags in the vehicle. Contained inside of the bag was approximately a quarter of a pound of marijuana and approximately one ounce of cocaine, (suspected)
Detectives Wall and Conley on 10-06-87 stopped a vehicle leaving the above residence on a traffic violation. The driver of the vehicle told Detective Wall that he had been to the residence of Gary Smith to pay him money he owed for cocaine that he had bought from Gary Smith in the past.
Defendants contend that the operators of the two vehicles, referenced in the affidavit, were improperly stopped. Defendants urge that derivative use of knowledge gained from the two stops tainted the instant search warrant since the information was used to bolster probable cause.
Under Louisiana Constitution Article I, § 5, as interpreted by the Louisiana Supreme Court, any person adversely affected by a search or seizure allegedly conducted in violation of Article I, § 5, has standing to raise that illegality. There is no equivalent under Louisiana constitutional law to the federal rule that one may not raise the violation of a third person's constitutional rights. See State v. Owen, 453 So.2d 1202 (La.1984). However, we find no constitutional violations with respect to the traffic stops referenced in the affidavit.
Defendants argue that the initial stops of the third party vehicles leaving defendants' home were mere pretexts. They urge those drivers were stopped, not because they committed traffic offenses, but because they had just left the home of a suspected drug trafficker. "[T]he fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." Scott v. United States, 436 U.S. 128, 98 S.Ct. 1717, 1723, 56 L.Ed.2d 168 (1978). In the instant case, the trial court credited the testimony of affiant, Det. Colleen Conley and her companion, Det. Robert Boughammer, concluding that there existed objective evidence of substantial traffic violations by the two unnamed drivers referenced in the affidavit. In this instance, objective assessment of the officers' actions supports the legality of those actions. See State v. Garcia, 519 So.2d 788 (La.App. 1st Cir. 1987), writ denied, 530 So.2d 85 (La.1988).
During her testimony at trial, Det. Conley provided details of the controlled undercover buy, referenced in the first sentence *541 of the instant affidavit. Det. Conley admitted that the purchase of cocaine from defendant by a confidential informant was actually consummated at a location other than defendants' house trailer. She also acknowledged that the purchase date was in August of 1987, several months before the instant warrant was issued.
Although the trial court found the omitted information material, it nevertheless concluded that its omission from the affidavit had been unintentional. We agree. Defendants failed to produce any evidence to show that the omission was willful and calculated to conceal information that would indicate that there was not probable cause. Accordingly, the omission does not change the good warrant into a bad one. See State v. Howard, 448 So.2d 150 (La. App. 1st Cir.), writ denied, 449 So.2d 1355 (La.1984). Rather, we must consider the affidavit as though the omitted facts were included and then evaluate the presence of probable cause in light of the added facts. See State v. Shannon, 472 So.2d 286 (La. App. 1st Cir.), writ denied, 476 So.2d 349 (La.1985).
A search warrant may issue only upon probable cause established to the satisfaction of a judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant. La. Const. Art. I, § 5; LSA-C.Cr.P. art. 162. Probable cause exists when the facts and circumstances within the affiant's knowledge, and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. State v. Brown, 479 So.2d 608 (La.App. 1st Cir.1985).
The allegations in the instant affidavit were derived largely from Det. Conley's and her co-officers' personal observations. Those observations corroborated the informant's information that defendants kept contraband at and distributed it from their trailer home. The affidavit does provide a substantial basis for believing that defendants were engaged in a continuing illegal enterprise and that contraband would be found in their home.
Our review of the record indicates that the trial court properly denied defendants' motions to suppress physical evidence seized pursuant to a search warrant. Accordingly, this assignment of error lacks merit.
For the reasons cited above, the decision of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Gary Smith was originally sentenced to a six year term of imprisonment at hard labor for his conviction of second offense possession of marijuana. The day after that sentence was imposed, the trial court realized that the six year term exceeded the statutory limit and was, therefore, illegal. See LSA-R.S. 40:966D(2). Accordingly, it amended the sentence to a five year term of imprisonment. An illegal sentence may be corrected at any time by the court that imposed the sentence. See LSA-C.Cr.P. art. 882(A).