CRAIN, Judge.
Cesar Kreitz was charged by bill of information with distribution of cocaine, a violation of La.R.S. 40:967. The state amended the bill to charge possession with intent to distribute cocaine; and defendant pled guilty to the amended charge, reserving his right to appeal the denial of a motion to suppress physical evidence. The trial court imposed a sentence of seven years at hard labor. This sentence was suspended; and defendant was placed on active, supervised probation for two years, with the special conditions that he pay $10.00 per month to the Department of Public Safety and Corrections to defray the cost of supervision; that he seek substance abuse evaluation and treatment, if necessary; and that he submit to periodic urinalysis. Defendant has appealed, urging in his only assignment of error that the court erred by denying his motion to suppress.
Defendant was arrested by Officer Tullie Vincent of the Baton Rouge City Police after a search of his residence resulted in the discovery of one hundred thirty-six *512 grams of cocaine, narcotics paraphernalia, and one weapon. A warrant to search defendant's apartment was obtained upon information provided by Rodolfo Jose Ocon-Morales, an informant named in the affidavit supporting the application for the search warrant. Mr. Ocon-Morales had been arrested earlier in the day for the possession of ten ounces of cocaine. When he was asked to reveal the source of the cocaine, he related that he had obtained it from defendant.
Mr. Ocon-Morales agreed to call defendant and attempt to arrange another sale of cocaine. The telephone call was monitored and taped by the Baton Rouge City Police. Since the conversation was conducted in Spanish and Officer Vincent was unable to understand that language, Detective Felix Rodriguez, a Spanish-speaking police officer, also listened to the telephone call. According to Officer Vincent’s testimony at the hearing on the motion to suppress, both Detective Rodriguez and Rodolfo Ocon-Morales told him that defendant repeatedly denied that he had more cocaine.
Although the affidavit by Officer Vincent supporting the search warrant referred to the information provided by Rodolfo Ocon-Morales, Officer Vincent did not disclose his attempt to obtain a tape-recording of a narcotics transaction between defendant and Ocon-Morales; and, more importantly, he did not inform the magistrate that defendant repeatedly denied that he had cocaine to transfer to Ocon-Mo-rales. Defendant submits that this omission was a deliberate fraud on the courts and, therefore, the warrant should be suppressed. In the alternative, he submits that the affidavit, with the addition of defendant’s denial that he had cocaine in his apartment, was insufficient to justify the issuance of a warrant and the warrant should be suppressed accordingly.
A search warrant may issue only upon probable cause established to the satisfaction of a judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant. La. Const. Art. I, Sec. 5; La.C.Cr.P. art. 162. Probable cause exists when the facts and circumstances within the affiant’s knowledge, and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that the evidence or contraband may be found at the place to be searched. State v. Smith, 546 So.2d 538, 541 (La.App. 1st Cir.), writ denied, 552 So.2d 393 (La.1989). The facts establishing probable cause for a search warrant must be contained within the four corners of the affidavit. La.C.Cr.P. art. 162; State v. Poree, 406 So.2d 546, 547 (La.1981). The judicial officer must be supplied with enough information to support an independent judgment that probable cause exists for the issuance of a warrant. State v. Feeback, 411 So.2d 10, 12 (La.1982).
An affidavit supporting a search warrant is presumed to be valid. Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); State v. Brannon, 414 So.2d 335, 337 (La.1982). When a defendant proves that an affidavit contains false statements, it should be determined whether the misrepresentations are intentional or unintentional. State v. Brannon, 414 So.2d at 337. Defendant must prove by a preponderance of the evidence that the affidavit contains intentional misrepresentations. State v. Ogden, 391 So.2d 434, 439 n. 7 (La.1980); State v. Wollfarth, 376 So.2d 107, 109 (La.1979).
At the hearing on the motion to suppress, Officer Vincent related that he had not asked Ocon-Morales to call defendant in order to verify the information, but requested him to do so in order to attempt to arrange a narcotics transaction. He further testified that he did not include the information in the affidavit because, after he was told that defendant stated that he did not have cocaine, he asked Ocon-Mo-rales whether or not that statement was true; and Ocon-Morales told him defendant was lying. Officer Vincent explicitly denied that he deliberately and maliciously withheld pertinent information.
Affidavits, by their nature, are brief, and some factual details must be *513 omitted. State v. Roubique, 421 So.2d 859, 863 (La.1982). Unless the omission is willful and calculated to conceal information that would indicate that there is not probable cause or would indicate that the source of other factual information in the affidavit is tainted, the omission will not change an otherwise good warrant into a bad one. State v. Roubique, 421 So.2d at 863. In matters relating to the possibility that a warrant contains intentional misrepresentations, the question of the credibility of the witnesses is within the sound discretion of the trier of fact. See State v. Klar, 400 So.2d 610, 613 (La.1981). His factual determinations are entitled to great weight and will not be disturbed unless clearly contrary to the evidence. State v. Klar, 400 So.2d at 613. The harsh result of quashing a search warrant, when the affidavit supports a finding of probable cause, should obtain only when the trial judge expressly finds an intentional misrepresentation to the issuing magistrate. State v. Ogden, 391 So.2d at 438-439.
Herein, defendant presented no evidence to establish that Officer Vincent deliberately concealed information from the magistrate which would have affected the issuance of the warrant. Rather, the officer testified that he believed his informant, who told him that defendant was lying. Other information provided by Ocon-Mo-rales, including defendant’s unlisted telephone number and address, had proven to be accurate. Accordingly, we find no error in the trial court’s determination that the affidavit did not contain intentional misrepresentations.
When the affiant omits material facts without an intent to deceive, the reviewing court must add the omitted facts to those originally included in the affidavit and retest the sufficiency of the showing of probable cause. State v. Lehnen, 403 So.2d 683, 686 (La.1981). Herein, defendant claims that, even if the omission of these facts was not an intentional misrepresentation, the warrant still was invalid because once defendant’s statements denying possession of cocaine are added to the affidavit, the state does not have the probable cause to support the issuance of a warrant.
A judge evaluating the magistrate’s determination of probable cause must use a “non technical, commonsense” standard. State v. Lingle, 436 So.2d 456, 460 (La.1983). The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit, there is a “fair probability” that evidence of a crime will be found in a particular place; and the task of the reviewing court is simply to insure that the magistrate had a “substantial basis” for concluding that probable cause existed. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The task of the reviewing court in evaluating a reconstructed affidavit is to determine whether or not the magistrate’s conclusion as to probable cause would have been different if the affidavit had not contained the inaccuracies established at the hearing on the motion to suppress. State v. Lingle, 436 So.2d at 460.
The affidavit of probable cause to support the affidavit contains the following facts:
Affiant informs the Court, that information from a Cooperating Individual and the use of surveillance netted the arrest of one Jose Alphonse Ocon-Mo-rales for Poss. - of Cocaine over .200 grams. An approximate 280 Grams of suspected Cocaine was seized at approximately noon time on 11 April 88.
Morales was advised of the Miranda warnings, through indepth explaination (sic) and advised he understood. Morales, who is here on a Visa and hails from Honduras, South America, advised Affiant that the 280 Grams of Cocaine, he (Morales), received from a subject known to Morales as Cesar, an individual from San Salvador and possibly a Student here in Baton Rouge. Morales advised he went to Cesar’s Apartment, the Apartment described, at approximately noon 10 April 88. At this location, Cesar gave Morales 280 Grams of Cocaine for Morales to sell. The 280 Grams came off of a kilo brick. The remaining part of *514 the kilo, Cesar was to hold for Morales for an additional transaction.
Morales further advised, that on num-berous occassions (sic) in the past, Morales has purchased multi ounces of Cocaine from Cesar.
Morales took Affiant to the Complex in question and pointed out Cesar’s Apartment for Affiant. Cesar has a phone number of 769-XXXX.[1] The phone number is unlisted.
Affiant conducted a W'intergreen Odor test on the 280 Grams of suspected Cocaine seized from Morales, with positive results.
Defendant contends that, if Officer Vincent had included in this affidavit that he had attempted to obtain verification of defendant’s possession of cocaine and, instead, received defendant’s denial that he had cocaine for distribution, the magistrate would not have issued the warrant. We disagree. Although Officer Vincent would have been well-advised to include such information in the affidavit, defendant’s denial does not negate the possibility that cocaine would be found in that apartment. From the facts already included in the affidavit, it is clear that Officer Vincent had reasonable grounds to conclude that Ocon-Morales and defendant had entered into an extensive merchandising relationship and that Ocon-Morales could reasonably render an opinion as to whether or not defendant was truthful. The information received from Ocon-Morales regarding the source of the cocaine which he possessed was detailed, and the address and telephone number were verified. According to Ocon-Mo-rales, defendant was to save part of the kilogram of cocaine that he had received for distribution by Ocon-Morales. Thus, the inclusion of a statement that defendant denied to Ocon-Morales that he possessed cocaine (although he had had quite a quantity the day before), and that Ocon-Morales did not believe defendant, would not have negated the substantial basis for the magistrate to believe that there was a “fair probability” that evidence of a crime would be found in defendant’s apartment.
Accordingly, we find that the affidavit, as reconstructed with the inclusion of information that Ocon-Morales contacted defendant to arrange a transaction, defendant denied that he had more cocaine, and Ocon-Morales told Officer Vincent he believed defendant was lying when he claimed he did not have more cocaine, contained information justifying the issuance of a warrant to search defendant’s apartment. This assignment of error has no merit.
AFFIRMED.

. The complete telephone number is contained in the affidavit. We omit it here in order to protect the present holders of that number.