JONES, Judge,
dissenting with written reasons.
Because I believe that this court erred in affirming the relator’s conviction and sentence in his prior appeal; I would reverse the defendant’s conviction and sentence and remand the case for a new trial. Moreover, even if the court was correct in its earlier opinion when it found that the defendant’s counsel failed to move for a mistrial on two separate occasions during the trial, I am equally convinced that he is entitled to a new trial.
In State v. Grant, 531 So.2d 1121 (La. App. 4th Cir.1988) a different panel of this court rejected the relator’s claim that reversible error was committed when the trial court denied his motion for a mistrial based upon the prosecutor’s impermissible references on two separate occasions to relator’s use of cocaine.
In regards to the first impermissible remark concerning relator’s drug use, this court said:
The record is deficient in revealing the grounds for objection, whether any request for relief was made, and the court’s ruling concerning defense counsel’s objection during cross examination of defendant’s sister. Returning to the courtroom from her chambers where she presumably heard counsel’s objection and any request for relief, the trial judge admonished the jury to disregard the comment made in the last question and answer. No complaint from the defense was recorded. Apparently, on the record before us, counsel’s objection was sustained and he was granted his request for an admonition to disregard. There is no indication that he requested and was denied a mistrial; the court apparently granted his request. Defendant cannot now on appeal complain of any alleged error, (emphasis added)
State v. Grant, supra at 1123.
It may very well be that the record before that panel was deficient. However, the record before this court on this application for post conviction relief contains clear and convincing evidence to support relator’s original claim that the court erred in denying his motion for a new trial. Although the record does not contain a transcript of the discussions that took place in chambers, the record contains the following entry on the docket master for this case:
6/10/87 The Defendant appeared attended by his counsel. A defense motion was denied. Defense moved into evidence d-1 thru d-7. The exhibits were accepted into evidence. Motion for Mistrial was denied by the court_ (emphasis added)
Additionally, a separate document dated June 10, 1987 entitled “Contempt minute entry” contains the following entry by the Court:
Midtrial the attorney for the defendant attempted to make a motion for a mistrial in chambers and out of the hearing of the jury. The defense alleged that the questions about cocaine use posed to the sister of the defendant implicated the defendant in another crime, for which no *349 arrest and or conviction had taken place....
Finally a separate detailed minute entry of the proceedings of the trial contains the following notation:
... The Defense called as witness, Ms Colemen, sister of the defendant ... Cross followed by ADA Woods.... A Motion for a Mistrial in chambers was Denied by the Court....
These court entries leave no doubt in this author’s mind that the defense did in fact request a mistrial after the first highly prejudicial remark by the prosecutor was made. Additionally, the trial court clearly erred in denying the defense’s motion for a mistrial when the exact same objectionable question was again asked by the prosecutor when the defendant took the stand. Assuming that the first admonition had cured the damage done by the first remark, the jury may very well have accorded undue weight to the question the second time when the court simply denied the motion without giving another admonition.
Further assuming that the original appeal was correctly decided in that no motions for mistrial were made, the case for reversing relator’s conviction and sentence becomes stronger.
The issue now before this court is whether the failure of the attorney to specify the reasons for this objection and the basis for his motion constitutes ineffective assistance of counsel. If defense counsel failed to properly move for a mistrial when the prosecutor made reference to the defendant’s alleged drug use, the first prong of the Strickland criteria is met in that counsel’s performance was deficient, as shown in the appeal opinion by this Court. In applying the Strickland criteria to the facts of this case, the relator’s claim with respect to the second remark made by the prosecutor has merit.
Furthermore, if the defense counsel erred in not specifying the reasons for his objection or the basis for his motion, the question then becomes whether the results of the trial would have been different.
La.C.Cr.P. Article 770(2) mandates the granting of a mistrial if the judge, district attorney, or a court official, within the hearing of the jury, refers directly or indirectly to “[ajnother crime committed or alleged to have been committed by the defendant as to which evidence is not admissible.” In State v. Tallie, 337 So.2d 504 (La.1976), the Court noted: “[e]ven indirect reference by a prosecutor to an unrelated crime alleged to have been committed by the accused, is regarded as so prejudicial to an accused as to mandate mistrial.” Id. at 508.
In this case, during the cross examination of the defendant, the following colloquy occurred:
Q. Could it be, Mr. Darcell Grant, that you know about cocaine not from Constance’s use but from your own personal experience?
A. I never used cocaine.
Q. Could it be that that [sic] cocaine was part of the problem or part of the reasons why you were fired from South Central Bell? You were missing work because you couldn’t get up because you were too doped up with cocaine?
A. That’s not true.
BY MR. ASHLEY:
Judge, I renew my objection and my motion.
BY THE COURT:
And it’s denied.
Although questions concerning a defendant’s prior convictions are permissible under La.R.S. 15:495,[1] for the purpose of impeaching the defendant’s credibility, State v. Truitt, 500 So.2d 355 (La.1987), State v. Francosi, 511 So.2d 1181 (La.App. 4th Cir. 1987), the questions to which the defense objected referred to crimes (the use of cocaine) which the defendant allegedly committed, but of which he had not been convicted.
*350 Further, La.R.S. 15:481[2] provides: “The State is permitted to introduce testimony of the bad character of the accused only in rebuttal of the evidence introduced by him to show good character.” In this case, however, the prosecutor asked about the defendant’s cocaine use before any of the defense witnesses had testified to his good character, and the prosecutor did not ask any of the character witnesses about the appellant’s supposed cocaine use. As such, the remarks by the prosecutor were not proper rebuttal evidence of bad character.
Since the trial court was mandated to grant a mistrial, if the defense counsel had requested one, the application of the second prong of the Strickland test as applied to this case reveals that counsel’s alleged deficient performance prejudiced the relator. The above discussion shows that the result would have been different had counsel requested a mistrial. Consequently, the relator’s claim that his counsel was ineffective has merit.
Because I believe that the relator has demonstrated that he is entitled to a new trial I would reverse the relator’s conviction, vacate the sentence imposed by the trial court, and remand the case for a new trial.
Accordingly, I dissent from the decision of the majority.

. This statute is now incorporated in La.Code of Evidence articles 609 and 613.

. This statute is now incorporated in La.Code of Evidence article 404(A).